COPE, J.
The question presented is whether section 903.0471, Florida Statutes (2001) is constitutional. We conclude that it is, and deny the petition for writ of habeas corpus.
I.
In September 2001, defendant-petitioner Marion Williams was charged with possession of cocaine with the intent to sell it (“the first case”). The arrest affidavit indicates that police officers observed the defendant engaged in a hand-to-hand drug transaction. The arresting officers recovered twenty-one crack cocaine rocks. Defendant was released to pretrial services in lieu of bond.
In January of 2002, defendant was arrested after he sold an undercover officer a rock of crack cocaine (“the second case”). Bond was set for $7,500 in the second case.[1]
In the first case, the defendant’s pretrial release was revoked because the defendant had committed a new crime and thus breached a condition of the pretrial release.
The defendant filed a motion to reinstate bond. He argued that section 903.0471, Florida Statutes (2001), violated the pre *1169 trial release provision of the Florida Constitution and the due process clauses of the Florida and Federal Constitutions.
The trial court ruled that section 903.0471, Florida Statutes, is constitutional and declined to reinstate bail for the defendant. The defendant has petitioned for a writ of habeas corpus. We concur with Judge Lopez that the statute is constitutional, and deny the defendant’s petition.
II.
It is a statutory condition of pretrial release that “[t]he defendant refrain from criminal activity of any kind....” Id. 903.047(l)(a).
In 2000, the Florida legislature enacted section 903.0471, Florida Statutes, which provides:
903.0471 Violation of condition of pretrial release. Notwithstanding s. 907.041, a court may, on its own motion, revoke pretrial release and order pretrial detention if the court finds probable cause to believe that the defendant committed a new crime while on pretrial release.
Id. (enacted by ch.2000-178, § 3, Laws of Fla.). The phrase “[n]otwithstanding s. 907.041” means that Florida’s pretrial detention statute— § 907.041—does not apply in this situation.
Thus, by the plain words of the statute, if the defendant is at liberty on pretrial release in case number one, and he commits a new crime (case number two), the court may revoke the pretrial release, and may refuse any further pretrial release, in case number one.
In the present case the trial court offered to conduct an evidentiary hearing on the defendant’s motion to reinstate bond. The defense declined the invitation, opting instead to argue solely the issue of unconstitutionality. Thus, for present purposes it is accepted that there was probable cause to arrest the defendant on the second crime. That being so, the defendant fell within the terms of section 903.0471. The trial court acted within its statutory authority in refusing to allow any further pretrial release.
III.
The defendant’s primary argument is that section 903.0471 violates article I, section 14, of the Florida Constitution. That provision states:
SECTION 14. Pretrial release and detention.—Unless charged with a capital offense or an offense punishable by life imprisonment and the proof of guilt is evident or the presumption is great, every person charged with a crime or violation of municipal or county ordinance shall be entitled to pretrial release on reasonable conditions. If no conditions of release can reasonably protect the community from risk of physical harm to persons, assure the presence of the accused at trial, or assure the integrity of the judicial process, the accused may be detained.
(Emphasis added).
We conclude that the statute is constitutional as a measure designed to “assure the integrity of the judicial process .... ” Id. A release on bond (or other pretrial release) is a release on good behavior. The defendant’s release carried with it the explicit condition that “[t]he defendant refrain from criminal activity of any kind_” § 903.047(l)(a), Fla. Stat. (2000). It is essential to the integrity of the judicial process that the court’s orders—especially including a bond condition of this type—be obeyed and enforced.
As the Connecticut Supreme Court has said in this context:
*1170 The fundamental right to bail guaranteed under our state constitution must be qualified by a court’s authority to ensure compliance with the conditions of release....
We agree with the state that the power to enforce reasonable conditions of release is a necessary component of a trial court’s jurisdiction over a criminal case....
State v. Ayala, 222 Conn. 331, 610 A.2d 1162, 1171 (1992).
The defendant argues that the phrase “assure the integrity of the judicial process” has a narrower meaning than we have given it here. The defense contends that this phrase refers to situations in which a defendant while free on bond threatens or bribes a witness or falsifies evidence. We agree that the defense examples also would qualify as instances which would impair the integrity of the judicial process, but we think the constitutional phrase is broader than that. The integrity of the judicial process is undercut if the courts do not have effective tools to use where a defendant free on bail commits a further crime.
IV.
At the hearing below, the defense argued that if the trial court wanted to rely on section 903.0471 in denying any further bail, it was necessary not only to make the statutory finding that there was “probable cause to believe that the defendant committed a new crime while on pretrial release,” id., but the court must also make a case-specific finding that one of the situations exists which is listed in the last sentence of the pretrial release provision of the Florida Constitution. To repeat, that sentence states: “If no conditions of release can reasonably protect the community from risk of physical harm to persons, assure the presence of the accused at trial, or assure the integrity of the judicial process, the accused may be detained.”
The trial court in an abundance of caution made a finding that the defendant “is a danger and/or a risk of physical harm to the community or persons within the community. ...”
This additional finding by the trial court was unnecessary. Where section 903.0471 is involved, the only finding which need be made is the statutory finding that there is “probable cause to believe that the defendant committed a new crime while on pretrial release.” § 903.0471, Fla. Stat. The reason for revoking the defendant’s pretrial release in this case — and refusing further release — is because the defendant committed a new crime while on pretrial release. No showing that the defendant poses a risk of physical harm is required.[2]
V.
Section 903.0471 is consistent with the approach followed in other jurisdictions. As the Ayala court explained:
Revocation of the defendant’s release did not encroach upon his constitutional right to be released on bail. The defendant’s failure to abide by the conditions of his release resulted in a forfeiture of his right to release. Because the defendant was initially released on bail, the requirements of article first, § 8 [of the Connecticut Constitution] ... were met. As one court noted, in effect, “the keys to continued freedom [were] left in the pocket of the accused.” Rendel v. Mummert, 106 Ariz. 233, 238, 474 P.2d *1171 824 (1970). Having been released on bail, and having subsequently violated the condition placed upon the release that he not commit a federal, state or local crime, the defendant cannot be heard to complain that his constitutional right to bail was violated.
The courts of numerous other states with constitutional provisions similar to ours concur that a defendant’s bail can be revoked following the violation of a condition of release or for the commission of a crime while on release.... [T]he Rhode Island Supreme Court held that its constitution, like ours, provided bail as a matter of right in all but capital cases. Nevertheless, in Mello v. Superior Court, [117 R.I. 578, 370 A.2d 1262 (1977),] reasoning that a defendant’s pressure to flee increases when he commits crimes while free on bail[,] the court held that revocation of bail is a proper remedy for violating a condition imposed upon a defendant’s release. It rejected the defendant’s claim that the trial court may only set new and higher bail with more stringent conditions, stating that “we do not think our Constitution must be read as providing a continuing, renewable right to bail on the same charge where a bail condition has been breached. The state need not keep freeing the defendant while upping the ante.” It further noted that “[t]he authority of the court to revoke bail in certain situations ought not to be construed as authority to exercise preventive detention. The former is a sanction for past acts, the latter a prophylactic for the future. We are concerned with the former.”
In People ex rel. Hemingway v. Elrod, 60 Ill.2d 74, 88-84, 322 N.E.2d 837 (1975), the Illinois Supreme Court recognized a trial court’s authority to revoke a defendant’s release on bail for the violation of a condition of release or the commission of a serious crime while awaiting trial. It concluded that, while “[t]he object of bail, of course, is to make certain the defendant’s appearance in court”; id., at 81, 322 N.E.2d 837; “[t]he court has the inherent authority to enforce its orders and to require reasonable conduct from those over whom it has jurisdiction.” The court emphasized that by concluding that a defendant’s bail could be revoked for violating a condition of release, it was “not adopting the principle of preventive detention of one charged with a criminal offense for the protection of the public” and declined to discuss “the wisdom or the constitutionality of that principle.” In our view, the Connecticut constitution confers upon our trial courts a similar authority, in the proper circumstances, to revoke a defendant’s bail for serious noncompliance with the conditions of his release.
State v. Ayala, 610 A.2d at 1171-74 (some citations omitted).
VI.
The defendant contends that section 903.0471 violates the due process clauses of the Florida and Federal Constitutions. We reject that argument on authority of Parker v. State, 780 So.2d 210, 212-13 (Fla. 4th DCA 2001), review granted, 800 So.2d 615 (Fla.2001).
VII.
For the reasons stated, we hold that section 903.0471, Florida Statutes, is constitutional. In revoking the defendant’s pretrial release and denying any further release, Judge Lopez acted within the authority conferred by the statute.
The petition for writ of habeas corpus is denied.

. For simplicity we refer to the September 2001 and January 2002 arrests as the first case and the second case.
In reality, the defendant was also arrested in December 2001, and the pretrial release in the first case was revoked because of the December case. Soon thereafter, the State announced a no action on the December case and the court reinstated the defendant’s pretrial release on the first case. The December case is not pertinent to the issue now before us.

. Since it is immaterial, we need not reach the defendant’s argument that there was inadequate record support for the trial court's finding that the defendant posed a risk of physical harm.