# Third District Court of Appeal

## State of Florida

Opinion filed October 1, 2014.
Not final until disposition of timely filed motion for rehearing.

_____

Nos. 3D14-1595; 3D14-1594; 3D14-1593
Lower Tribunal Nos. 14-2996, 14-2997A; 14-1395; 14-1292

_____

**Jermaine Harris, et. al.,**
Petitioners,

vs.

**Timothy Ryan, Director, and
The State of Florida,**
Respondents.

Appeals from the Circuit Court for Miami-Dade County, Miguel M. de la O, Judge.

Carlos J. Martinez, Public Defender, and Brian L. Ellison, Assistant Public Defender, for petitioners.

Pamela Jo Bondi, Attorney General, and Douglas J. Glaid, Senior Assistant Attorney General, for respondents.

Before WELLS, SUAREZ and FERNANDEZ, JJ.

FERNANDEZ, J.

In these consolidated petitions for writs of habeas corpus, petitioners

Jermaine Harris, Rolando Gonzalez, and Lamothe Jean, challenge the revocation of

their release to pretrial intervention ("PTI") after respondent State of Florida charged each defendant with the commission of a new crime in violation of pretrial release conditions. We deny the petitions because the trial court did not abuse its discretion when it denied the petitioners' motions for bond.

This Court reviews conditions of a pretrial release under an abuse of discretion standard. See Hernandez v. Roth, 890 So. 2d 1173, 1174 (Fla. 3d DCA 2004). Sections 903.047(1)(a), 903.0471, and 907.041(4)(c)7, Florida Statutes (2014), provide for revocation of the defendants' pretrial release under the circumstances presented in these cases. Under section 903.047(1)(a), Florida Statutes (2014), as a condition of pretrial release, a defendant shall "[r]efrain from criminal activity of any kind." Section 903.0471, Florida Statutes (2014), provides that "a court may, on its own motion, revoke pretrial release and order pretrial detention if the court finds probable cause to believe that the defendant committed a new crime while on pretrial release." Further, section 907.041(4)(c)7, Florida Statutes (2014), provides that a court may, within its discretion, order pretrial detention if a defendant violates pretrial release conditions.

PTI is a discretionary form of pretrial release. See § 948.08(1)–(2)[1], Fla. Stat. (2013). The prosecution of a defendant on pretrial release for PTI who does

---

[1] Section 948.08 provides as follows:

**948.08 Pretrial intervention program**

2

not fulfill his or her obligations may continue at the discretion of the prosecuting authority. See Cleveland v. State, 417 So. 2d 653, 654 (Fla. 1982) (section 944.025, Florida Statutes (1979), allows the state attorney to continue prosecution if defendant is not fulfilling his obligations under the program or if the public interest requires). Further, the Florida Supreme Court in Cleveland noted that the state attorney's decision to reinstate prosecution is discretionary and not subject to judicial review. Id. Therefore, the pretrial intervention program falls within the pretrial release statute's meaning, and the trial court did not abuse its discretion in its revocation of the defendants' bonds.[2]

---

(1)   The department shall supervise pretrial intervention programs for persons charged with a crime, before or after any information has been filed or an indictment has been returned in the circuit court. Such programs shall provide appropriate counseling, education, supervision, and medical and psychological treatment as available and when appropriate for the persons released to such programs.

(2)   Any first offender, or any person previously convicted of not more than one nonviolent misdemeanor, who is charged with any misdemeanor or felony of the third degree is eligible for release to the pretrial intervention program on the approval of the administrator of the program and the consent of the victim, the state attorney, and the judge who presided at the initial appearance hearing of the offender. However, the defendant may not be released to the pretrial intervention program unless, after consultation with his or her attorney, he or she has voluntarily agreed to such program and has knowingly and intelligently waived his or her right to a speedy trial for the period of his or her diversion. The defendant or the defendant's immediate family may not personally contact the victim or the victim's immediate family to acquire the victim's consent under this section.

[2]   It is noteworthy that at no time in the three consolidated cases was there a finding of no probable cause which would require a release of the defendants without condition; indeed, the State filed an information in each of the defendant's

Neither does the revocation of the defendants' bonds constitute a violation of due process. In Parker v. State, 843 So. 2d 871, 879–80 (Fla. 2003), the Florida Supreme Court determined that a trial court's revocation of a defendant's pretrial release after the defendant committed another crime while on bond for pending charges was not a due process violation. The Florida Supreme Court found that an adversarial hearing was not required and that section 903.0471, Florida Statutes (2000) is consistent with article 1, section 14 of the Florida Constitution. Id.

The Florida Supreme Court has, in fact, construed section 903.0471 broadly to authorize trial courts to revoke a defendant's pretrial release when a second crime is committed from jail even when a defendant has not been physically released from custody. See Santiago v. Ryan, 109 So. 3d 848, 849 (Fla. 3d DCA 2013). This Court held in Williams v. Spears, 814 So. 2d 1167, 1170 (Fla. 3d DCA 2002), that "[t]he integrity of the judicial process is undercut if the courts do not have effective tools to use where a defendant free on bail commits a further crime." See also Perry v. State, 842 So. 2d 301, 303 (Fla. 5th DCA 2003) (finding that a court may revoke bail "based solely on a probable cause affidavit").

Furthermore, the defendants signed a waiver form upon acceptance into the pretrial intervention program which stated, "I understand that if I violate the rules of the program which have been explained to me and which I have agreed to, that

cases, charging each defendant, and judicial approval was obtained prior to placing each defendant in PTI.

my case will be returned to court for prosecution." Additionally, the program's rules and regulations provided that the defendants "must not get re-arrested for any criminal offense" while in the program. The defendants do not dispute that they were arrested for new crimes.

For these reasons, the defendants' subsequent criminal activity while released within the pretrial intervention program was sufficient to warrant the revocation of their bonds. We therefore deny the petitions in these consolidated appeals because the trial court did not abuse its discretion.

Petitions denied.