CAMPBELL, Acting Chief Judge.
Appellant, Teddy C. Ryan, Jr., challenges the trial court’s dismissal with prejudice of his second amended complaint against appellee, Richard H. Worch, Jr., as Sheriff of Charlotte County, Florida. We affirm.
Counts II and III of appellant’s second amended complaint sought to allege causes of action against appellee sheriff arising out of 42 U.S.C. § 1983. Count II essentially attempted to allege that appellee had violated 42 U.S.C. § 1983 by fostering a “custom or policy” of underpaying, under-training and undersupervising appellee’s deputies, which resulted in appellant being arrested without probable cause. Count III attempted to allege that the sheriffs principal detective involved in appellant’s investigation and arrest violated 42 U.S.C. § 1983 by maliciously causing appellant's arrest and trial in the absence of probable cause and, moreover, that that detective’s actions resulted from the appellee sheriffs “policy and custom” of having under-trained and inexperienced deputies.
Appellant raises three issues on this appeal. He argues first that judgment on the pleadings was improper. The trial court’s dismissal of appellant’s second amended complaint, however, was not the result of a judgment on the pleadings, but was the result of appellant’s failure, as a matter of law, to sufficiently allege a valid cause of action against appellee. The court did not enter a judgment on the pleadings.
Appellant argues next that the court erred in finding that his second amended complaint on its face demonstrated, as a matter of law, that there was probable cause to arrest appellant. The facts contained in the second amended complaint are essentially as follows:
On the evening of January 22, 1993, in Port Charlotte, there was an alleged kid-naping, aggravated assault and armed robbery involving five alleged victims. The incident was subsequently reported to the *820 Charlotte County Sheriffs office, and appellant was thereafter arrested, tried and found not guilty of the charges. , A few selected allegations of appellant’s second amended complaint demonstrate why the trial judge was correct in finding that probable cause for appellant’s arrest was shown as a matter of law on the face of appellant’s complaint. Appellant alleged that all five victims of the alleged crimes “did identify the perpetrators through means of a photographic lineup prepared and conducted by deputies of Defendant Sheriff,” and that appellant and his brother “were identified as the perpetrators.” There is no allegation that the photographic lineup by which appellant was identified was in any way tainted. Appellant further alleges in his complaint that:
Based on said identification, deputies of the Defendant sheriff prepared a sworn affidavit in support of an arrest warrant for Plaintiff and on February 3, 1993, a warrant for the arrest of Plaintiff was signed by a Charlotte County Judge acting as a neutral magistrate.
Appellant then also alleges that:
Plaintiff was originally prosecuted by the State of Florida in the Circuit Court of the 20th Judicial Circuit under case number 93-104F. The criminal proceedings were resolved in Plaintiffs favor by the entry of a Judgment of Acquittal upon jury verdict of not guilty of all charges on December 2,1993.
Based on the above allegations, we must conclude that the court did not err in finding that the second amended complaint demonstrated, as a matter of law, that there was probable cause to arrest appellant.
Appellant’s third issue asks “whether appellant stated a cause of action for failure to train and failure to supervise as a matter of law?” Where the complaint itself reveals probable cause to arrest, there can be no cause of action for failure to train. This is because probable cause to arrest destroys any possible link between any alleged failure of appellee to properly train and supervise his deputies and any resulting harm to appellant for his arrest based on probable cause.
Appellant also argues that the dismissal of his complaint should have been without prejudice and he should have had the opportunity to further amend his pleadings. Appellant had previously amended his complaint after a prior dismissal. No request was made in the trial court to further amend.
Affirmed.
BLUE and DAVIS, JJ., Concur.