780 So.2d 210 (2001)
Thomas PARKER, Petitioner,
v.
STATE of Florida, Respondent.
No. 4D00-3914.
District Court of Appeal of Florida, Fourth District.
February 7, 2001.
Rehearing Denied April 5, 2001.
*211 Alan H. Schreiber, Public Defender, and Diane M. Cuddihy, Assistant Public Defender, Fort Lauderdale, for petitioner.
Robert A. Butterworth, Attorney General, Tallahassee, and Melanie A. Dale, Assistant Attorney General, West Palm Beach, for respondent.
KLEIN, J.
In this petition for writ of habeas corpus, Thomas Parker challenges the orders revoking his pretrial release and placing him in pretrial detention. The trial court found, after an evidentiary hearing, that there was probable cause to believe Parker had committed a new crime while on pretrial release and ordered his detention pursuant to recently enacted Florida Statute § 903.0471 (2000), which provides:
Violation of condition of pretrial release. Notwithstanding § 907.041, a court may, on its own motion, revoke pretrial release and order pretrial detention if the court finds probable cause to believe that the defendant committed a new crime while on pretrial release.
Section 907.041, entitled "Pretrial detention and release," contains very specific criteria for trial courts to apply when determining if a defendant can be released prior to trial. Parker argues, relying on the Florida Constitution and section 907.041, that the new statute violates his procedural and substantive due process rights. We hold the statute constitutional.
The constitutional provision on which Parker relies is Article I, section 14 of the Florida Constitution, which provides:
Pretrial release and detention.Unless charged with a capital offense or an offense punishable by life imprisonment and the proof of guilt is evident or the presumption is great, every person charged with a crime or violation of municipal or county ordinance shall be entitled to pretrial release on reasonable conditions. If no conditions of release can reasonably protect the community from risk of physical harm to persons, assure the presence of the accused at trial, or assure the integrity of the judicial process, the accused may be detained.
Before the passage of section 903.0471, the law in this court conflicted with the law in two other district courts of appeal on the issue of whether a trial court must follow section 907.041, after pretrial release was revoked for violation of a condition.
In Paul v. Jenne, 728 So.2d 1167 (Fla. 4th DCA), rev. granted, 741 So.2d 1137 (Fla.1999), this court adhered to its prior decisions requiring trial courts to comply with section 907.041 the second time around and certified conflict with Houser v. Manning, 719 So.2d 307 (Fla. 3d DCA 1998) and Gardner v. Murphy, 402 So.2d 525 (Fla. 5th DCA 1981). The Houser and Gardner courts had concluded that after the revocation of release for violation of a condition, neither section 907.041, nor Article I, section 14 of the Florida Constitution, applied when the defendant again sought pretrial release.
The same issue was again presented to this court, not long after it was addressed in Paul, in Barns v. State, 768 So.2d 529 (Fla. 4th DCA 2000). Although newly enacted section 903.0471 was not in effect when release was revoked in Barns, this court relied on the new legislation in order to determine whether the legislature had previously intended section 907.041 to apply after a trial court revoked pretrial release. Gay v. Canada Dry Bottling Co. of Fla., 59 So.2d 788 (Fla.1952)(subsequent legislation can be considered in order to arrive at the correct meaning of a prior statute). We concluded that section 903.0471 clarified that the legislature had not intended that section 907.041 had to be followed after a defendant committed a new crime while on pretrial release.[1]
*212 In the present case, after his pretrial release was revoked Parker was given a hearing at which he asked to again be released on bond and argued that section 903.0471 is unconstitutional. After an evidentiary hearing the trial court denied a second pretrial release, finding that there was probable cause that Parker had committed a new crime while on pretrial release, and that he was a danger to the community.
Parker argues that section 903.0471 is unconstitutional as violating Article I, section 14 of the Florida Constitution which allows pretrial detention if "no conditions of release can reasonably protect the community from risk of physical harm to persons, assure the presence of the accused at trial, or assure the integrity of the judicial process." In Barns, however, Judge Gross explained in regard to the new legislation:
The statutory changes plainly implement the trial court's discretion to impose pretrial detention within the limits of Article I, Section 14 of the Florida Constitution, which affords the trial judge wide latitude in the decision to deny bond:
If no conditions of release can reasonably protect the community from risk of physical harm to persons, assure the presence of the accused at trial, or assure the integrity of the judicial process, the accused may be detained.
Fla. Const. Art. I, § 14. The legislative intent behind section 907.041 was not to narrow the breadth of the trial court's discretion under the state constitution, but to be coextensive with it.
Barns, 768 So.2d at 532-33. Barns, as we said earlier, involved a violation of a condition which was not a new crime, and thus was analyzed under section 907.041, not section 903.0471. Our conclusion, however, that the trial judge's decision to deny pretrial release was still circumscribed by the Florida Constitution, would be equally applicable where the defendant committed a new crime and was being detained under section 903.0471. The statute does not, accordingly, violate the Constitution. As we noted earlier, the trial court not only found probable cause that Parker had committed the new crime while on pretrial release, but also found, consistent with Article I, section 14, that detention was necessary to protect the community from the risk of physical harm.[2]
Parker also argues that section 903.0471 violates substantive due process because it authorizes a court to deny a second pretrial release upon finding probable cause that a defendant committed a new crime, which is less than the burden on the state when pretrial detention is sought under section 907.041. The cases *213 cited by Parker, however, do not involve pretrial detention, but rather the standard of proof in criminal cases. In light of our conclusion that the statute is to be interpreted consistent with Article I, section 14 of the Florida Constitution, we do not agree with Parker that probable cause, which is a sufficient basis on which to make an arrest, is too low a standard to be constitutional.
Nor do we agree with Parker that his procedural due process rights were violated because he did not receive the procedural safeguards contained in section 907.041, which is applicable to initial pretrial release hearings. Parker cites no authority for the proposition that he is entitled to more due process than is guaranteed by Article I, section 14 of the Florida Constitution. Having received those safeguards, his due process rights were not violated.
We deny the petition.
WARNER, C.J., and DELL, J., concur.
NOTES
[1] In Barns, the defendant had not actually committed a new crime, but rather had violated a condition of his pretrial release. The same legislature which passed section 903.0471 also amended section 907.041 to authorize pretrial detention if the court finds that:

The defendant has violated one or more conditions of pretrial release or bond for the offense currently before the court and the violation, in the discretion of the court, supports a finding that no conditions of release can reasonably protect the community from risk of physical harm to persons or assure the presence of the accused at trial.
§ 907.041(4)(b)7. [now numbered § 907.041(4)(c)7] The trial court in this case was not applying this amendment, but rather the more specific section 903.0471, which is applicable only when there is reasonable cause to believe the defendant has committed a crime while on pretrial release.
[2] Our opinions in Barns and this case, which conclude that the Florida constitutional right to bail applies under these circumstances, appears to be in conflict with Houser v. Manning, 719 So.2d 307 (Fla. 3d DCA 1998), in which the third district held, relying on Gardner v. Murphy, 402 So.2d 525 (Fla. 5th DCA 1981), that the Florida constitutional right to bond did not apply after the trial court had revoked bond because the defendant had committed a new crime while on pretrial release. The Houser court did, however, state that the trial court had denied a new bond after a hearing because it found a danger to the community, and cited Article I, section 14 of the Florida Constitution. Id. at 308.