930 So.2d 847 (2006)
Amber ALEXANDER, Petitioner,
v.
Grady JUDD, Sheriff of Polk County, Respondent.
No. 2D06-1651.
District Court of Appeal of Florida, Second District.
June 14, 2006.
*848 James Marion Moorman, Public Defender, and Robert Connolly, Assistant Public Defender, Bartow, for Petitioner.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Dale E. Tarpley, Assistant Attorney General, Tampa, for Respondent.
DAVIS, Judge.
Amber Alexander filed a petition for writ of habeas corpus challenging her no bond status in relation to two pending trial court cases in Polk County. In a previous order dated April 26, 2006, this court denied Alexander's petition as it relates to circuit court case number CF06-000735-XX and granted, with opinion to follow, the petition as it relates to circuit court case number CF06-001943-XX. The order required that a bond hearing be held pursuant to Florida Rule of Criminal Procedure 3.131. Subsequent to this court's order, the trial court notified this court that Alexander entered pleas in both cases, making the requirement of a bond hearing moot. Despite Alexander's plea agreement, this court, in accordance with our previously entered order, issues the following opinion regarding the basis for our grant of the instant petition.
Alexander was arrested on March 14, 2006, in case number CF06-001943-XX for possession of methamphetamine and possession of drug paraphernalia. At the time of her arrest, Alexander was on pretrial release for pending charges in case number CF06-000735-XX. At Alexander's first appearance hearing in case number CF06-001943-XX, the trial court, citing Parker v. State, 843 So.2d 871 (Fla. 2003), ordered that Alexander be held in the Polk County Jail on "no bond hold" status in both case number CF06-001943-XX and case number CF06-000735-XX. Because the trial court exceeded its authority under Parker by holding Alexander without bond in case number CF06-001943-XX, we granted the petition for writ of habeas corpus as to that case.
In Parker, the trial court revoked the bond of a defendant who, while out on bond for pending charges, was arrested on new charges. The Florida Supreme Court held that section 903.0471, Florida Statutes, *849 which allows a trial court to sua sponte revoke pretrial release when there is probable cause to believe a defendant committed a new crime while on pretrial release, is neither a violation of due process considerations nor of article I, section 14 of the Florida Constitution. Section 903.047(1)(a), Florida Statutes (2005), specifically requires that a defendant who is on any form of pretrial release "refrain from criminal activity of any kind." Section 903.047 is immediately followed by section 903.0471, which is the subject of Parker and states that "[n]otwithstanding s. 907.041, a court may, on its own motion, revoke pretrial release and order pretrial detention if the court finds probable cause to believe that the defendant committed a new crime while on pretrial release."
Alexander was on a form of pretrial release in case number CF06-000735-XX when she was arrested for new charges in case number CF06-001943-XX. These new charges were clearly a violation of Alexander's conditions of pretrial release in case number CF06-000735-XX. Accordingly, when the trial court relied on Parker to sua sponte revoke the pretrial release in case number CF06-000735-XX, it was properly proceeding under section 903.0471.
However, the trial court not only revoked the pretrial release that was already in effect in case number CF06-000735-XX, but also used Parker to impose a "no bond hold" as to Alexander's new charges in case number CF06-001943-XX. Because Alexander had never been on any form of pretrial release as to those charges, the trial court could not rely on section 903.0471 to revoke pretrial release that had not yet been imposed. Neither Parker nor section 903.0471 addresses the court's authority to hold a defendant with no bond on new charges that form the basis of a revocation of pretrial release as to old charges. Therefore, we write solely to clarify that Parker alone cannot be used as a basis to hold a defendant without bond as to any charges for which the defendant was not already on a form of pretrial release.
Petition previously granted.
CANADY and WALLACE, JJ., Concur.