NORTHCUTT, Judge.
This court, by prior written order, granted Donat Simeus’s petition for writ of habeas corpus and directed the trial court to vacate the order revoking Simeus’s pretrial release and to enter an order reinstating the original bond. This opinion explains the rationale for that decision.
Simeus was charged in Collier County with grand theft and possession of an an-tishoplifting device, and his bond was set at $35,000.[1] The trial court subsequently revoked pretrial release and ordered pretrial detention pursuant to section 903.0471, Florida Statutes (2010), after finding that Simeus had committed a new offense while out on bond. In so doing, the trial court relied solely on a supplemental police report from Palm Beach County that was not sworn to by the authoring officer. In the report, the officer stated that he arrested Simeus on an outstanding warrant for an offense that occurred prior to the commission of the Collier County offenses but that a search incident to arrest revealed that Simeus, a convicted felon, was in possession of a chemical weapon in violation of section 790.234(1), Florida Statutes (2010).
A petition for writ of habeas corpus is the proper vehicle to challenge an order of pretrial detention. State v. Broom, 523 So.2d 639, 641 (Fla. 2d DCA 1988); see also Miller v. State, 980 So.2d 1092 (Fla. 2d DCA 2008); Holmes v. State, 933 So.2d 1205 (Fla. 2d DCA 2006). In the petition, Simeus contends, and we agree, that the unsworn supplemental police report was legally insufficient to support a probable cause determination that he com *4 mitted a new offense while on pretrial release.
Pursuant to section 903.0471, the trial court may on its own motion revoke pretrial release and order pretrial detention if it finds probable cause to believe the defendant committed a new crime while on pretrial release. An adversarial hearing is not required. Parker v. State, 843 So.2d 871, 879-80 (Fla.2003). The probable cause determination required under section 903.0471 is similar to the probable cause determination necessary to support an arrest warrant or to the probable cause determination made at first appearance. Perry v. State, 842 So.2d 301, 303 (Fla. 5th DCA 2003). It must be based on an affidavit of a police officer, a sworn complaint, sworn deposition testimony, or other testimony under oath properly recorded. Id. The trial court may revoke pretrial release in one case based on a probable cause affidavit for a subsequently committed offense that was prepared for an arrest warrant or a probable cause determination at first appearance. Id. Such an affidavit may contain hearsay statements made to a police officer by eyewitnesses who observed the alleged crime and identified the defendant. Id.
In the present case, although the supplemental police report indicated that the authoring officer himself observed Simeus committing the new offense, the report was not in the form of an affidavit, and it therefore did not provide a sufficient basis for the required probable cause determination under section 903.0471.
Petition granted.
KELLY and BLACK, JJ., Concur.

. Simeus appeared at every court proceeding of which he was notified.