GERBER, J.
The defendant challenges the circuit court’s order denying bond. The defendant has filed that challenge as an appeal from a final order. The proper vehicle in which to have filed that challenge was as a petition for writ of habeas corpus. See Simeus v. Rambosk, — So.3d—, 2011 WL 3503504 (Fla. 2d DCA 2011) (“A petition for writ of habeas corpus is the proper vehicle to challenge an order of pretrial detention.”) (citations omitted). We treat the appeal as a petition for writ of habeas corpus. See Fla. R.App. P. 9.040(c) (“If a party seeks an improper remedy, the cause shall be treated as if the proper remedy had been sought....”).
We deny the petition. “[W]hen a person accused of a capital offense or an offense punishable by life imprisonment seeks release on bail, it is within the discretion of *1256 the court to grant or deny bail when the proof of guilt is evident or the presumption great.” State v. Arthur, 390 So.2d 717, 717 (Fla.1980). After the state carries its burden of establishing that the proof of guilt is evident or the presumption great, “the burden is on the accused to demonstrate that release on bail is appropriate.” Id. at 720. Based on our review of the record, the state carried its burden of establishing that the proof of guilt is evident and the presumption great, and the defendant did not demonstrate that release on bail is appropriate.

Petition denied.

TAYLOR and CIKLIN, JJ., concur.