DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**YUL MEDINA,**
Petitioner,

v.

**STATE OF FLORIDA** and **SCOTT ISRAEL,**
as Sheriff of Broward County, Florida,
Respondents.

No. 4D15-4134

[January 6, 2016]

CORRECTED OPINION

Petition for writ of habeas corpus to the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Matthew I. Destry, Judge; L.T. Case No. 15-3933 CF10A.

Howard Finkelstein, Public Defender, and Sarah Sandler, Assistant Public Defender, Fort Lauderdale, for petitioner.

Pamela Jo Bondi, Attorney General, Tallahassee, and Jessenia J. Concepcion, Assistant Attorney General, West Palm Beach, for respondent State of Florida.

PER CURIAM.

We previously entered an order granting the petition for writ of habeas corpus filed in this case. This opinion explains the rationale for that order.

The circuit court revoked the petitioner's bond and ordered pretrial detention based solely on the pretrial release officer's affidavit stating only that the petitioner, while on pretrial release, had been charged in a Miami-Dade County case with driving while license suspended. The affidavit did not state any facts establishing probable cause for the new charge.

Because the affidavit did not state any facts establishing probable cause for the new charge, the affidavit was insufficient to revoke pretrial release and order pretrial detention. *See* § 903.0471, Fla. Stat. (2015) ("Notwithstanding s. 907.041, a court may, on its own motion, revoke

pretrial release and order pretrial detention *if the court finds probable cause* to believe that the defendant committed a new crime while on pretrial release.") (emphasis added); *Simeus v. Rambosk*, 100 So. 3d 2, 4 (Fla. 2d DCA 2011) (the probable cause determination required under section 903.0471 is similar to the probable cause determination necessary to support an arrest warrant or to the probable cause determination made at first appearance; it must be based on an affidavit of a police officer, a sworn complaint, sworn deposition testimony, or other testimony under oath properly recorded).

Accordingly, we granted the petition, quashed the circuit court's order revoking pretrial release, and ordered the court to release the petitioner on the previously imposed bond conditions unless the court first was presented with sufficient evidence to establish probable cause for the new charge.

*Petition granted.*

STEVENSON, GERBER and FORST, JJ., concur.

*     *     *

**Not final until disposition of timely filed motion for rehearing.**