PER CURIAM.
*640 Luis Carlos Rodriguez seeks a writ of habeas corpus to obtain pretrial release. Rodriguez was arrested and charged with domestic battery and domestic battery by strangulation. At the time of his arrest, he was out on bond on an earlier domestic battery charge. At his initial appearance on the new charges, the first appearance judge ordered Rodriguez to be held without bond on the new charges and revoked his bond in the earlier case.
Section 907.041, Florida Statutes (2018), provides a comprehensive statutory scheme setting forth the circumstances when a trial court may deny bond to a person charged with a crime. State v. Paul, 783 So.2d 1042, 1046 (Fla. 2001). The rules of criminal procedure adopted by the Florida Supreme Court are consistent with and complementary to this legislative scheme, which involves "a comprehensive set of procedures for pretrial detention [that] provide a panoply of protections." Id. at 1048.
Florida Rule of Criminal Procedure 3.131(a) provides: "Unless charged with a capital offense or an offense punishable by life imprisonment and the proof of guilt is evident or the presumption is great, every person charged with a crime or violation of municipal or county ordinance shall be entitled to pretrial release on reasonable conditions." If the State does not file a motion seeking pretrial detention at first appearance, or if its motion is facially insufficient, "the judicial officer shall proceed to determine the conditions of release pursuant to the provisions of rule 3.131(b)." Fla. R. Crim. P. 3.132(a). When a defendant commits a new offense while out on bond, the trial court can, sua sponte, revoke the bond in the earlier offense. Parker v. State, 843 So.2d 871, 878 (Fla. 2003). However, " Parker alone cannot be used as a basis to hold a defendant without bond as to any charges for which the defendant was not already on a form of pretrial release." Alexander v. Judd, 930 So.2d 847, 849 (Fla. 2d DCA 2006).[1]
Because the State did not seek pretrial detention and the new charges did not allege a capital or life felony, we grant the petition for writ of habeas corpus and remand to the trial court to set an expedited hearing to determine the issue of pretrial release or detention according to rules 3.131 and 3.132. This decision is without prejudice to the State to file a motion for pretrial detention, should it choose to do so.
PETITION GRANTED.
ORFINGER, WALLIS and GROSSHANS, JJ., concur.

It was within the first appearance judge's discretion to revoke bond in the earlier case. See Alexander v. Judd, 930 So.2d 847 (Fla. 2d DCA 2006) ; Perry v. State, 842 So.2d 301 (Fla. 5th DCA 2003).