DISTRICT COURT OF APPEAL OF FLORIDA
SECOND DISTRICT

_____

DINO SARAC,

Petitioner,

v.

BOB GAULTIERI, SHERIFF OF PINELLAS COUNTY,

Respondent.

No. 2D24-338

_____

April 12, 2024

Petition for Writ of Habeas Corpus to the Circuit Court for Pinellas County; Elizabeth Zuroweste, Acting Circuit Judge.

Peter Chan, Clearwater, for Petitioner.

Ashley Moody, Attorney General, Tallahassee, and Laura Dempsey, Assistant Attorney General, Tampa, for Respondent.

PER CURIAM.

Dino Sarac has filed a petition for writ of habeas corpus challenging his detention after the revocation of his pretrial release. *See Simeus v. Rambosk*, 100 So. 3d 2, 3 (Fla. 2d DCA 2011) ("A petition for writ of habeas corpus is the proper vehicle to challenge an order of pretrial detention."). We deny the petition as moot because Sarac

entered a plea and was sentenced soon after he filed his petition. However, we write to explain why we would have granted the petition had it not been mooted.

In 2022, Sarac was arrested for possession of methamphetamine and trespass. He posted bond in case number 22-CF-7648 and was released. This case was assigned to Judge Siracusa.

In 2024, Sarac was arrested for driving with a suspended license, and the case was assigned to Judge Zuroweste. At first appearance, Judge Zuroweste announced that her assistant had talked to Judge Siracusa and he had asked that she revoke Sarac's bond in case number 22-CF-7648. Judge Zuroweste stated for the record:

> [A]t the direction of Judge Siracusa whose case this is, date of offense August 8, 2023 with a new charge on January 29th in which probable cause is found, at his request as the trial Judge under 903.0471 and 3.131(d) in the Criminal Rules of Procedure, I'm revoking Mr. Sarac's bond at the request of Judge Siracusa.

Judge Zuroweste left Sarac's bond in the new case undisturbed.

Sarac and the State agree that Florida Rule of Criminal Procedure 3.131(d) does not provide authority for Judge Zuroweste's revocation of Sarac's bond upon Judge Siracusa's request. Indeed, rule 3.131(d)(1) does not authorize the assigned trial judge to ask the first appearance judge to modify bail:

> No judge or a court of equal or inferior jurisdiction may modify or set a condition of release, unless the judge:
>
> (A) imposed the conditions of bail or set the amount of bond required;
>
> (B) is the chief judge of the circuit in which the defendant is to be tried;
>
> (C) has been assigned to preside over the criminal trial of the defendant; or

2

(D) is the first appearance judge and was authorized by the judge initially setting or denying bail to modify or set conditions of release.

The State argues that Judge Siracusa exercised his ultimate authority over Sarac's bond by requesting that Judge Zuroweste revoke it. *See Johnson v. State*, 277 So. 3d 123, 125 (Fla. 4th DCA 2019) ("When a defendant violates pretrial release conditions, the statutes and rules of criminal procedure vest the judge having trial jurisdiction with the ultimate authority to revoke an existing bond and order commitment."); *see also* § 903.0471, Fla. Stat. (2023) (providing that a trial court may on its own motion revoke pretrial release if it finds probable cause to believe the defendant committed a new offense while on pretrial release); Fla. R. Crim. P. 3.131(g) ("The court in which the cause is pending may direct the arrest and commitment of the defendant who is at large on bail when . . . there has been a breach of the undertaking . . . ."). But the Florida Constitution authorizes the supreme court to "adopt rules for the practice and procedure in all courts." Art. V, § 2(a), Fla. Const. Rule 3.131(d)(1)(D) only provides for the judge who initially set bail to authorize the first appearance judge to modify or set conditions of release; it says nothing about the assigned trial judge authorizing the first appearance judge in a subsequent case involving the defendant to revoke bail in the defendant's prior, assigned case. And Judge Zuroweste's comments in honoring Judge Siracusa's request to revoke Sarac's bond reveal that Judge Siracusa's request was not the equivalent of the exercise of his authority as the trial judge to revoke bond—Judge Zuroweste, not Judge Siracusa, made a finding that there was probable cause to believe that Sarac had committed a new offense while on pretrial release that justified the revocation of his bond.

Petition denied as moot.

3

CASANUEVA, KELLY, and BLACK, JJ., Concur.

_____

Opinion subject to revision prior to official publication.