826 So.2d 1020 (2001)
Michael AZADI, Petitioner,
v.
Lois SPEARS, Director of Dade County Department of Corrections, Respondent.
No. 3D01-1049.
District Court of Appeal of Florida, Third District.
April 25, 2001.
Manuel L. Casabielle, Coral Gables, for petitioner.
Robert A. Butterworth, Attorney General, and Thomas C. Mielke, Assistant Attorney General, for respondent.
Before COPE, GODERICH and RAMIREZ, JJ.
COPE, J.
Michael Azadi petitions for a writ of habeas corpus, challenging the trial court's order directing that he be detained without bond pursuant to the pretrial detention statute, section 907.041, Florida Statutes (2000). We conclude that there must be a new hearing.
The State filed a motion for pretrial detention of petitioner-defendant Azadi. The motion came before the trial court for hearing the day after it was filed. The State contemplated that the court would set a hearing date at which the State would present witnesses.
The trial court ruled that it would consider the motion for pretrial detention immediately, and that the State could rely on the arrest affidavit. The State proceeded accordingly. It relied, over objection, solely on the arrest affidavit and presented no other evidence.
Under Florida Rule of Criminal Procedure 3.132, "A final order of pretrial detention shall not be based exclusively on hearsay evidence." Id. R. 3.132(c)(1). The arrest affidavit is hearsay and, standing alone, is insufficient to support the pretrial detention order. The order must be reversed and the cause remanded for a prompt hearing on the State's motion for pretrial detention.
The defendant also contends that the defendant's confession was the product of an illegal arrest and is inadmissible.[*]See id. (for pretrial detention hearing, "evidence *1021 secured in violation of the United States Constitution or the Constitution of the State of Florida shall not be admissible."). That objection should be presented to the trial court at the new hearing. We express no opinion on the merits thereof.
The defendant contends that the State is estopped from invoking the pretrial detention statute because it agreed to a $25,000 bond at a time when the State had filed seven burglary cases against the defendant. According to the defense, the State was aware that it would be filing additional burglary cases against this defendant. The defendant argues that since the State agreed to the setting of a bond previously, it cannot thereafter invoke the pretrial detention statute when later cases are filed.
We reject this argument, for in substance the defendant is asking for the estoppel to run against the court itself. It is for the court to say what the defendant's release status should be. The fact that the defendant was previously released on bond, and the defendant's performance while at liberty, are matters which the trial court may consider along with all of the other circumstances of the case.
For the stated reasons, the pretrial detention order is reversed and the cause remanded for a prompt hearing on the pretrial detention motion.
Petition granted.
NOTES
[*] The substance of the confession was evidently set forth within the arrest affidavit.