835 So.2d 1222 (2003)
Amir BUHBUT, Petitioner,
v.
Edward BIELUCH as Sheriff of Palm Beach County, Florida, Respondent.
No. 4D03-2.
District Court of Appeal of Florida, Fourth District.
January 24, 2003.
*1223 B. Sue Foreman, West Palm Beach, for petitioner.
Charlie Crist, Attorney General, Tallahassee, and David M. Schultz, Assistant Attorney General, West Palm Beach, for respondent.
PER CURIAM.
The petitioner was taken into custody on charges of domestic battery and aggravated assault with a firearm in August, 2002. He moved for release on bond, which the trial court granted, ordering house arrest and a monetary bond. Petitioner posted the bond, resolved an immigration matter, and house arrest was implemented. He was later arrested for violation of the rules of house arrest, by being outside of his house, in his yard, and drinking alcohol. Petitioner moved for a bond hearing, at which he requested that the court impose a higher monetary bond but still allow his release. The trial court did not allow petitioner to present evidence at that hearing, and later entered an order denying the motion "without prejudice to renew." It attached a copy of the Sheriff's Office report of his violation of house arrest rules. The court made no actual findings, though.
Petitioner moved for another bond hearing, which the trial court entertained. The victim, without being sworn, answered questions about her contacts with petitioner since his detention, and counsel gave additional argument to the court. The trial court orally denied bond relief, advising the parties that its ruling was unaffected by argument of counsel.
The trial court has denied petitioner's motions without making any findings of actual violation of house arrest, or whether there were any conditions of release which could reasonably protect the community from risk of physical harm to persons or assure the presence of the accused at trial. This is a requirement of section 907.041(4)(c)7., Florida Statutes (2002). We reject respondent State's construction of this court's decision in Barns v. State, 768 So.2d 529 (Fla. 4th DCA 2000), review dismissed, 796 So.2d 535 (Fla.2001), as holding that the statute now allows the trial court discretion to deny release on bond solely on a finding that the accused violated a condition of bond. See State v. Paul, 783 So.2d 1042 (Fla.2001).
We therefore grant the petition for writ of habeas corpus and remand to the trial court to set an expedited hearing to determine whether any conditions of bond were violated, and whether there are any reasonable conditions of release which would protect the community and assure petitioner's presence at trial.
POLEN, C.J., SHAHOOD and GROSS, JJ., concur.