847 So.2d 1081 (2003)
Eddie DANIELS, Petitioner,
v.
Ken JENNE, as Sheriff of Broward County, Florida, Respondent.
No. 4D03-2218.
District Court of Appeal of Florida, Fourth District.
June 17, 2003.
Alan H. Schreiber, Public Defender, and Donald J. Cannarozzi, Assistant Public Defender, Ft. Lauderdale, for petitioner.
Charles J. Crist, Jr., Attorney General, Tallahassee, and David M. Schultz, Assistant Attorney General, West Palm Beach, for respondent.
PER CURIAM.
Petitioner was charged with aggravated battery and aggravated assault and was released after posting bond; thereafter, he violated a condition of his pretrial release by failing to remain confined except for the times approved by his program personnel, in that he failed to return to his residence at 7:00 p.m. on May 7, 2003, turning himself in the next day when he learned his pretrial release supervisor was looking for him. He moved to reinstate pretrial release. At the hearing on the motion, his bondsman testified that he was willing to stay on the bond and his pretrial release supervisor had agreed to accept Petitioner back on pretrial release, as long as he was "on lockdown." Neither evidence nor argument was presented by the state. Nevertheless, the trial court denied Petitioner's request for release, continuing to hold him on a "no bond hold" for violating the terms and conditions of his release.
As the trial court denied the motion to reinstate based solely on Petitioner's violation of a condition of his pretrial release without making any findings as to whether "no conditions of release can reasonably protect the community from risk of physical harm to persons or assure the presence of the accused at trial," § 907.041(4)(c)7, Fla. Stat. (2002), we grant the petition. We remand for the trial court to set an expedited hearing to determine whether reasonable conditions of release would protect the community and assure Petitioner's *1082 presence at trial. See Buhbut v. Bieluch, 835 So.2d 1222 (Fla. 4th DCA 2003).
POLEN, C.J., KLEIN and SHAHOOD, JJ., concur.