935 So.2d 19 (2006)
Michael RESENDES, Appellant,
v.
Ric L. BRADSHAW, Palm Beach County Sheriff, Appellee.
No. 4D06-1503.
District Court of Appeal of Florida, Fourth District.
April 28, 2006.
Carey Haughwout, Public Defender, Daniel Cohen, Karen Fagan, and Nan Foley, Assistant Public Defenders, West Palm Beach, for appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Jeanine Germanowicz, Assistant Attorney General, for appellee.
GROSS, J.
Michael Resendes was arrested on a warrant for burglary of a dwelling, in violation of section 810.02(1) and (3), Florida Statutes (2005), a second degree felony. In this habeas corpus proceeding, Resendes challenges the setting of "no bond" on this charge at his first appearance. We grant the writ and remand for an appropriate hearing.
Resendes's first appearance before a judge was on April 11, 2006. The limited record from the first appearance hearing indicates the following: (1) Resendes had two warrants outstanding on misdemeanor cases where bond was set at $200 in each case[1]; (2) Resendes had a previous failure to appear on another case in June, 2005; and (3) at the time of the felony arrest, Resendes was on probation.[2] The state asked for a $25,000 bond and indicated that Resendes "will be violated." The defense *20 asked for a $5,000 bond. It appears from the record that the judge was looking at some type of paperwork.
The court ruled:
Based on my reading of the case file and hearing other information as you all have provided to me and applying that to the statutes, I'm going to set no bond on the case.
The defense attorney asked the court for "an oral or written finding" of the "basis" for the "setting [of] no bond."
The court replied:
Based on the information that I have received and reviewed up here, all the court files and the information provided by the State Attorney and the Public Defender, I find that he is  I am ordering no bond.
At a first appearance, a "judicial officer shall proceed to determine conditions of release pursuant to rule 3.131." Fla. R.Crim. P. 3.130(d). Rule 3.131 is directed at the pretrial release decision. To implement the 1983 amendment to article I, section 14 of the Florida Constitution, the "Legislature enacted section 907.041, [Florida Statutes (2005)], which provides a comprehensive statutory scheme setting forth the circumstances when a trial court may deny bond to a person charged with a crime." State v. Paul, 783 So.2d 1042, 1046 (Fla.2001). The rules of criminal procedure adopted by the supreme court are consistent with the legislative scheme, which involves "a comprehensive set of procedures for pretrial detention, which provide a panoply of protections." Id. at 1048.
Rule 3.132(a) allows the state to file a motion seeking pretrial detention at first appearance. When the state does not file such a motion, or the motion is facially insufficient, "the judicial officer shall proceed to determine the conditions of release pursuant to the provisions of rule 3.131(b)(1)." Fla. R.Crim. P. 3.132(a). In this case, the state did not seek pretrial detention, so the judge was not authorized to impose pretrial detention on the burglary charge, but was left to consider the "conditions of release" pursuant to rule 3.131(b)(1).
Even if the state had filed a motion for detention, a second problem with the lower court's pretrial detention ruling is that it did not "contain findings of fact and conclusions of law to support it." Fla. R.Crim. P. 3.132(c)(2); § 907.041(4)(c), (i); Paul, 783 So.2d at 1049 n. 11; Johnson v. Jenne, 913 So.2d 740, 741 (Fla. 4th DCA 2005); Buhbut v. Bieluch, 835 So.2d 1222 (Fla. 4th DCA 2003). A vague, general reference to "information" and "court files" "received and reviewed" is insufficient compliance with the procedural and statutory requirement of specific findings of fact that support a pretrial detention ruling. Having been charged with burglary of a dwelling, Resendes was a candidate for pretrial detention had the state filed a motion. See § 907.041(4)(a)16, Fla. Stat. (2005). Pretrial detention may have been appropriate on any number of grounds. See § 907.041(4)(c)1, 5, 6, 7. However, pretrial detention for these reasons would require specific findings.
We grant the petition for writ of habeas corpus and remand to the trial court to set an expedited hearing to determine the issue of pretrial release or detention according to rules 3.131 and 3.132.
WARNER and HAZOURI, JJ., concur.
NOTES
[1] This case does not involve the lower court's revocation of pretrial release on these pre-existing misdemeanors as a result of the commission of the burglary. See § 903.0471, Fla. Stat. (2005); Parker v. State, 843 So.2d 871 (Fla.2003).
[2] In a filing in support of his petition in this court, Resendes disputes that he is on probation. Nothing in this opinion precludes him from correcting any factual error in the bond hearing ordered in this opinion or in a rule 3.130(d) motion to set bond in the trial court.