929 So.2d 1155 (2006)
Viet HO, Petitioner,
v.
STATE of Florida, Respondent.
No. 5D06-1198.
District Court of Appeal of Florida, Fifth District.
June 2, 2006.
Michael D. Dicembre, Orlando, for Petitioner.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Pamela J. Koller, Assistant Attorney General, Daytona Beach, for Respondent.
PER CURIAM.
Viet Ho was charged with one count of conspiracy to traffic in MDMA (400 grams or more) and one count of conspiracy to traffic in cannabis (25 pounds or more). After a hearing, the trial court denied bond. Ho asserts that since the State did not file a motion for pretrial detention pursuant to Florida Rule of Criminal Procedure 3.132, bond cannot be denied.
We agree, grant Ho's petition for writ of habeas corpus, and direct the trial court to conduct a rule 3.131 pretrial release hearing. This decision is without prejudice for the State to file a motion for pretrial detention, should it choose to do so. See Nguyen v. State, 925 So.2d 435 (Fla. 5th DCA 2006); Griffith v. State, 914 So.2d 1053 (Fla. 5th DCA 2005). The trial court is directed to hold the hearing no later than three business days following the issuance of this opinion.
PETITION GRANTED; CAUSE REMANDED.
SHARP, W. and THOMPSON, JJ., concur.
SAWAYA, J., concurs specially, with opinion.
SAWAYA, J., concurring specially.
The issue here is whether a motion for pretrial detention filed by the state is a necessary prerequisite to detaining a criminal defendant prior to trial when the defendant is charged with an offense that may subject him or her to pretrial detention pursuant to section 907.041, Florida Statutes (2005), and the defendant is found to be a danger to the community, a flight *1156 risk, or one who will undermine the integrity of the judicial process. Precedent emanating from this court, see Nguyen v. State, 925 So.2d 435 (Fla. 5th DCA 2006), and Griffith v. State, 914 So.2d 1053 (Fla. 5th DCA 2005), and from the Second District Court, see Golden v. Crow, 862 So.2d 903 (Fla. 2d DCA 2003), holds that it is.
It is difficult to determine from the language of rules 3.131 and 3.132, Florida Rules of Criminal Procedure, whether the Florida Supreme Court intended a motion for pretrial detention to be a necessary prerequisite. I believe that if this is indeed what the court intended, far too much discretion is taken away from the trial court to hold an accused without bond, and too much discretion is placed in the hands of the prosecutor to make that determination. Moreover, I believe that such a requirement contravenes the expressed purpose of section 907.041, which provides, in pertinent part, that "[i]t is the policy of this state that persons committing serious criminal offenses, posing a threat to the safety of the community or the integrity of the judicial process, or failing to appear at trial be detained upon arrest." § 907.041(1), Fla. Stat. (2005).
Ho was charged with an offense for which pretrial detention may be ordered. See § 907.041(4)(c)(3), Fla. Stat. (2005) ("The court may order pretrial detention if it finds a substantial probability, based on a defendant's past and present patterns of behavior, the criteria in s. 903.046, and any other relevant facts, that any of the following circumstances exists: The defendant is charged with trafficking in controlled substances as defined by s. 893.135, that there is a substantial probability that the defendant has committed the offense, and that no conditions of release will reasonably assure the defendant's appearance at subsequent criminal proceedings...."). He was arrested pursuant to a capias, which provided that he be held without bond. Although the record does not contain a transcript of Ho's first appearance hearing or orders that may have emanated therefrom, the first appearance judge apparently ordered that he be held without bond. Subsequently, Ho filed a motion for bond and was given a full evidentiary hearing. After hearing all of the evidence presented, the trial court denied Ho's motion and explained its reasons as follows:
At this point the Court is going to make a decision that this individual is not to be admitted to  be admitted to bail [sic] for the following reasons. He meets, critically, the three prongs of the statute as to what is the case law. One, he is a risk not to return to court, particularly in light of the testimony of Agent Weiss that says that even though he must have known he was being  his phone call was being intercepted, he talks about not leaving, and based on the G.P.S. tracking, as well as the following, he is intercepted at the airport trying to leave.
He has a series of prior offenses. He has a Federal offense where he was a codefendant with a codefendant in this particular case.
In addition, he goes out, while on bond, and allegedly is being accused of a burglary. That's the other two prongs.
Number one, the integrity of the process, because he's not staying out on bond without being accused of something else. Plus, in addition, you're talking about protection of the public. If what is alleged is true, and I can take those priors into consideration, as well as pending offenses committed while  or, alleged to have been committed while on bail, certainly there's an issue of protection of the community.

*1157 There is also the immigration hold that, even if I were to set bail, he's not going anywhere at this point.
....
And it doesn't matter because at this point this individual, based on what has been clearly testified to here, will not return to court, will not abide by the Court's requirements and, quite frankly, the protection of the community requires that he be held. So at this point, I apologize, but at this point it's very clear that someone without visible means of a lawful employment, despite his testimony, it does not bode very well for someone to return to court.
So, at this point, my apologies, I will deny the Motion for Bond without prejudice for it to be refiled and reconsidered in the event that additional factors are found that might dictate that to occur.
Ho filed a petition for writ of habeas corpus in this court citing Nguyen and Griffith and contending that the State's failure to file a motion for pretrial detention automatically entitles him to be released on bond. He asserts that holding him without bond violates his constitutional rights to be released pending trial.
The constitutional right of an individual charged with a crime to be released on bail is set forth in article I, section 14 of the Florida Constitution, which provides:
Unless charged with a capital offense or an offense punishable by life imprisonment and the proof of guilt is evident or the presumption is great, every person charged with a crime or violation of municipal or county ordinance shall be entitled to pretrial release on reasonable conditions. If no conditions of release can reasonably protect the community from risk of physical harm to persons, assure the presence of the accused at trial, or assure the integrity of the judicial process, the accused may be detained.
This constitutional provision was revised in 1983, when the article was "amended to broaden the group of persons to whom the courts could deny bail." State v. Paul, 783 So.2d 1042, 1045 (Fla.2001). The court in Paul further observed that
since the passage of the 1983 amendment, the Florida Constitution has provided two broad categories in which a person charged with a crime could be denied the right to be released on bond: (1) where the person is accused of a capital crime or an offense punishable by life imprisonment where the proof of guilt is evident and the presumption great; or (2) where no condition of release can reasonably protect the community, assure the presence of the accused or assure the integrity of the judicial process.
Id.
The Legislature enacted section 907.041 to implement the 1983 amendment, and the Florida Supreme Court amended rules 3.131 and 3.132 to complement this legislative scheme. Paul, 783 So.2d at 1046, 1048. As the court explained in Barns v. State, 768 So.2d 529 (Fla. 4th DCA 2000):
The legislature also made it clear that this court's interpretation of the pretrial detention statute too severely limited the trial court's discretion on bond issues. The statutory changes plainly implement the trial court's discretion to impose pretrial detention within the limits of Article I, Section 14 of the Florida Constitution, which affords the trial judge wide latitude in the decision to deny bond:
If no conditions of release can reasonably protect the community from risk of physical harm to persons, assure the presence of the accused at trial, or *1158 assure the integrity of the judicial process, the accused may be detained.
Fla. Const. Art. I, § 14. The legislative intent behind section 907.041 was not to narrow the breadth of the trial court's discretion under the state constitution, but to be coextensive with it.
Id. at 533.
Hence, neither the statute nor the rules were enacted to constrict the discretion of trial judges to determine whether an accused should be released and, if so, under what conditions. As to rule 3.131, which governs pretrial release, and rule 3.132, which governs pretrial detention, they are distinct rules adopted to deal with different procedures relating to the constitutional rights of an accused to be released pending trial. As we explained in Castro v. State, 914 So.2d 467 (Fla. 5th DCA 2005):
We suspect that some of the position articulated by Mr. Castro grows out of the differences between Rules 3.131(a) and 3.132(c), Florida Rules of Criminal Procedure, and the fact that the trial court apparently decided to hold a hearing to set bond, and a pretrial detention hearing at the same time. Rule 3.131(a) specifically addresses pretrial release and repeats the constitutional requirements requiring bail and its denial. Ordinarily, of course, the accused seeks the benefit of this rule. Rule 3.132, on the other hand, is based on section 907.041, Florida Statutes, and is concerned with pretrial detention. Obviously, Rule 3.132 is generally put into play by the State. Subparagraph (c) of the latter rule authorizes the receipt of hearsay evidence at a hearing on pretrial detention, but indicates that, "A final order of pretrial detention shall not be based exclusively on hearsay evidence." See Azadi v. Spears, 826 So.2d 1020 (Fla. 3d DCA 2001). That language, however, is not found within Rule 3.131. We note that what the trial judge finally ruled on was apparently the motion to set bond. The finding that he made concerning the evident nature of the proof of guilt and the strength of the presumption invokes only Rule 3.131, and not Rule 3.132.
Mr. Castro argues essentially that the rule applicable to pretrial detention should also apply to pretrial release. [State v. Arthur, 390 So.2d 717 (Fla. 1980)] says otherwise, and the rules are distinct. We decline to stir the two rules together. Each rule has a separate purpose and procedure, and they should not be mixed.
Id. at 469-70.
In my view, if the state does not file a motion for pretrial detention under rule 3.132, the trial court must consider the release or detention of the accused at first appearance, pursuant to rule 3.131. See Norris v. State, 737 So.2d 1240, 1242 (Fla. 5th DCA 1999) ("A defendant is entitled to an independent bail determination in front of the first appearance judge after a consideration of all relevant factors. A reading of the criminal rules in pari materia supports this conclusion."), approved, 768 So.2d 1070 (Fla.2000). I do not believe that the state's failure to file a motion for pretrial detention under rule 3.132 should deprive the trial court of the ability to determine pretrial detention under rule 3.131 at first appearance and order the accused detained, provided the necessary showing is made by the state and the appropriate findings are made by the trial court. If, on the other hand, the state elects to file a motion for pretrial detention pursuant to rule 3.132 at first appearance, the trial court will then proceed to determine whether probable cause exists under rule 3.132(a) and if probable cause exists, the accused will be held pending a final hearing on pretrial detention. See Fla. R. *1159 Crim P. 3.132(a). If the motion is filed after first appearance and probable cause is established, rule 3.132(b) is triggered. Hence, under rule 3.131, the lack of a motion by the state requires the issue of pretrial detention to be resolved at first appearance, while the filing of such a motion at first appearance simply extends the time for the pretrial detention hearing under rule 3.132(a) or (b). See Fla. R.Crim. P. 3.132(c) ("The hearing shall be held within 5 days of the filing of the motion or the date of taking the person in custody pursuant to a motion for pretrial detention, whichever is later.").
Ho does not allege in his petition that he was deprived of his first appearance and/or an appropriate pretrial detention hearing. See Hernandez v. Roth, 890 So.2d 1173, 1174 (Fla. 3d DCA 2004) ("Matters relating to the setting of bail and the conditions attached to a defendant's pre-trial release on bail are reviewed under an abuse of discretion standard. Rodriguez v. McRay, 871 So.2d 1001 (Fla. 3d DCA 2004). Because trial judges are in a superior position to determine what conditions will be required to ensure that the defendant will appear in future proceedings and that the defendant is not a risk to the community, a defendant seeking a writ of habeas corpus `must adduce evidence sufficient to overcome the presumption of correctness of the trial court's order.'") (quoting State ex rel. Smith v. Untreiner, 246 So.2d 158 (Fla. 1st DCA 1971)); Vallejo v. State, 545 So.2d 506, 506 (Fla. 5th DCA 1989) ("The petition does not allege, nor does the record show that the relief requested would entitle the appellant to immediate release."). Because the record does not contain a transcript of or information regarding Ho's first appearance and orders emanating therefrom, I believe that we must presume that the trial court complied with the provisions of rule 3.131. Therefore, I do not believe that Ho has alleged in his petition for habeas corpus entitlement to the relief he requests.
Ho simply contends, citing to this court's decisions in Nguyen and Griffith, that because the State never filed a motion for pretrial detention, he is automatically entitled to be released on bond. While that appears to be the holding in both decisions, I do not believe that either decision adequately analyzed rules 3.131 and 3.132 to arrive at that conclusion. In Griffith, this court explained the rationale for its decision as follows:
The state failed to file a motion for pretrial detention pursuant to Florida Rule of Criminal Procedure 3.132. Rule 3.132(a) states, "If no such motion is filed, or the motion is facially insufficient, the judicial officer shall proceed to determine the conditions of release pursuant to the provisions of rule 3.131(b)(1)." Rule 3.131(b)(1) also states that unless the state has filed a motion for pretrial detention, the court shall conduct a hearing to determine pretrial release.
Because the state failed to file a motion for pretrial detention, we grant the petition for writ of habeas corpus and direct the trial court to conduct a hearing pursuant to Rule 3.131(b)(1) and determine appropriate conditions of release. See Golden v. Crow, 862 So.2d 903 (Fla. 2d DCA 2003).
914 So.2d at 1053.
The court in Golden explains that since rule 3.131(b)(1) does not contain a provision to hold a defendant without bond, the failure by the state to file a motion for pretrial detention necessarily requires that the defendant be released on one of the enumerated conditions in the rule. 862 So.2d at 904. However, this analysis fails to properly consider rule 3.131(a), which *1160 incorporates article 1, section 14 of the Florida Constitution, and provides that "[i]f no conditions of release can reasonably protect the community from risk of physical harm to persons, assure the presence of the accused at trial, or assure the integrity of the judicial process, the accused may be detained." See also § 904.041, Fla. Stat. (2005) (incorporating these constitutional provisions in its various sections). I believe that if the court determines that the defendant meets those criteria at an appropriate first appearance hearing, he or she may be held without bond. Moreover, rule 3.131(b)(1) specifically provides, as this court noted in Griffith, 914 So.2d at 1053, that "unless the state has filed a motion for pretrial detention [pursuant to rule 3.132], the court shall conduct a hearing to determine pretrial release." I believe this means that the court shall determine whether the defendant will be released and, if so, under what conditions. I find support for this conclusion in rule 3.131, which states that "[t]here is a presumption in favor of release on nonmonetary conditions for any person who is granted pretrial release." Fla. R.Crim. P. 3.131(b)(1) (emphasis added). Clearly, this language contemplates that a person may not be granted pretrial release under the provisions of rule 3.131(a). I also find support for this interpretation in rule 3.131(b)(3), which provides, in pertinent part, that "[i]n determining whether to release a defendant on bail or other conditions, and what that bail or those conditions may be, the court may consider ... other facts the court considers relevant." (Emphasis added); see also Fla. R.Crim. P 3.131(d)(1)(D) ("No judge or a court of equal or inferior jurisdiction may modify or set a condition of release, unless the judge: is the first appearance judge and was authorized by the judge initially setting or denying bail to modify or set conditions of release.") (emphasis added). When all of the provisions of rule 3.131 are read in pari materia, as I believe they should be, I come to the conclusion that the state filing a motion for pretrial detention is not a necessary prerequisite to the court ordering a defendant to be held without bond pending trial, provided the issue of pretrial release or detention is properly resolved at first appearance.
Moreover, as previously indicated, Ho filed a motion to set bond and an evidentiary hearing was conducted where Ho and the State presented their evidence. After the hearing, the trial court denied Ho's motion and held that he should be held without bond. Based on Ho's petition for writ of habeas corpus, which does not allege that he was deprived of his first appearance and/or pretrial detention hearing, and the record in the instant case containing the transcript of Ho's evidentiary bond hearing, I do not believe that Ho is entitled to release solely on the ground that the State did not file a motion for pretrial detention.
Nevertheless, our decisions in Nguyen and Griffith dictate the outcome here, and I, therefore, reluctantly concur in the majority opinion. Pursuant to our holding, Ho will be entitled to another hearing where, in all probability, the same witnesses and evidence will be presented; the only difference will be that the State will have filed its motion for pretrial detention, which will add nothing new of substance to the proceedings.