DAVIS, Judge.
Ronald Holmes filed a petition for writ of habeas corpus challenging his pretrial detention in relation to two Polk County cases. In a previous order dated April 21, 2006, this court granted Holmes’ petition, with opinion to follow. The order specifically required Holmes’ immediate release as to case number M006-00025-LD. In accordance with our previously entered order, we now write to clarify the circumstances of Holmes’ extended pretrial detention for a violation of a municipal ordinance.
On January 6, 2006, Holmes, a member of Polk County’s homeless population, was apparently panhandling for money on a street in downtown Lakeland where he was stopped by an officer and issued a citation and a notice to appear at a hearing on January 24, 2006. Holmes was cited for soliciting without a permit, a violation *1206 of Lakeland, Florida, Code, Section 78-4, (1960), a municipal ordinance. Holmes failed to appear at the scheduled hearing on January 24, 2006, and a capias was issued for his arrest in case number M006-00025-LD.
On February 21, 2006, Holmes was arrested. At the time of his arrest he was found to be in possession of two pills for which he had no prescription. He was then charged with possession of a legend drug without a prescription in case number MM06-001832-BA. He was brought before the first appearance court on February 22, 2006, as to both pending cases. At this appearance, Holmes was ordered to be held on pretrial detention in both cases. Due to a previously granted petition for writ of habeas corpus in the circuit court, Holmes was released on bond as to his misdemeanor possession charge in case number M006-001832-BA. Therefore, the only charge for which Holmes was being held in jail at the time this court received his petition for writ of habeas corpus was the one stemming from his alleged violation of a city ordinance in case number M006-00025-LD.
A violation of section 78-4 is punishable by either a fine not exceeding $500 or a jail term not exceeding sixty days or both. See Lakeland, Fla., Code §§ 1-14, 78-3 (1960). Holmes was arrested on February 21, 2006, in case number M006-00025-LD and was continuously held in jail until his release, which was mandated by this court’s April 21, 2006, order. As of that date, Holmes had been in jail for sixty days, the maximum length of incarceration available under the municipal ordinance. Accordingly, we granted Holmes’ habeas petition. As such, it was not necessary for this court to address the merits of Holmes’ claim that the municipal ordinance is facially unconstitutional. See Singletary v. State, 322 So.2d 551, 552 (Fla.1975) (“[Cjourts should not pass upon the constitutionality of statutes if the case in which the question arises may be effectively disposed of on other grounds.” (citing Peoples v. State, 287 So.2d 63 (Fla.1973))).
However, we write to also express our concern over the fact that Holmes was held in the Polk County jail for sixty days on a violation of a city ordinance without, according to the record before us, the benefit of an arraignment or any other court proceeding on the charge. We question the likelihood that Holmes would have received the maximum sentence of sixty days had he been found guilty at trial or admitted his guilt by plea. The fact that a person has served the statutory maximum on an offense prior to his or her guilt being determined is worthy of someone’s attention. This is especially true in light of the cost to the citizens of Polk County whose tax dollars are required to pay for housing and care of this inmate in an otherwise already overcrowded jail.
Petition previously granted.
VILLANTI and WALLACE, JJ., Concur.