946 So.2d 102 (2007)
Kervin JUSTE, Petitioner,
v.
STATE of Florida, Respondent.
No. 5D06-4376.
District Court of Appeal of Florida, Fifth District.
January 3, 2007.
Raymond M. Warren and Joseph C. Warren of Warren & Warren, P.A., Daytona Beach, for Petitioner.
Bill McCollum, Attorney General, Tallahassee, and Jeffrey R. Casey, Assistant *103 Attorney General, Daytona Beach, for Respondent.
PER CURIAM.
Petitioner, Kervin Juste, seeks a writ of habeas corpus to obtain pretrial release. Petitioner is charged with burglary of a dwelling with an assault or battery, a first-degree felony punishable by life, and two counts of false imprisonment. He has been detained without bond since his arrest on November 27, 2006. Petitioner filed a motion to set bond, and at the conclusion of the hearing the court denied the motion.
As the state did not file a motion for pretrial detention pursuant to Florida Rule of Criminal Procedure 3.132, the trial court should have determined the proper conditions of pretrial release at the hearing on the motion to set bond. See Kelly v. State, 939 So.2d 1150 (Fla. 5th DCA 2006); Ho v. State, 929 So.2d 1155 (Fla. 5th DCA 2006); Nguyen v. State, 925 So.2d 435 (Fla. 5th DCA 2006).
Petitioner is charged with a first degree felony punishable by a term of years not exceeding life imprisonment. See § 810.02(2)(a), Fla. Stat. (2006). When a person is charged with a capital offense or an offense punishable by life imprisonment, it is the state's burden, in order to foreclose bail as a matter of right, to present evidence beyond the indictment or information which shows that the proof of guilt is evident or the presumption is great. See generally State v. Arthur, 390 So.2d 717 (Fla.1980). The assistant state attorney at the hearing stated that petitioner was entitled to bond, and presented no evidence. We therefore grant the petition for writ of habeas corpus, and direct the trial court to conduct a pretrial release hearing pursuant to Florida Rule of Criminal Procedure 3.131, no later than three business days following the issuance of this opinion. This decision is without prejudice to the state to file a motion for pretrial detention, should it choose to do so.
PETITION GRANTED.
THOMPSON, SAWAYA and TORPY, JJ., concur.