960 So.2d 909 (2007)
Sean DUFFY, Petitioner,
v.
Robert CROWDER, Sheriff of Martin County, Respondent.
No. 4D07-2637.
District Court of Appeal of Florida, Fourth District.
July 23, 2007.
Steven T. Greene of the Law Offices of Steven T. Greene, Stuart, for petitioner.
Bill McCollum, Attorney General, Tallahassee, and Mark J. Hamel, Assistant Attorney General, West Palm Beach, for respondent.
PER CURIAM.
Sean Duffy was charged with one count of aggravated stalking, a third degree felony. After a hearing, the trial court denied bond. Duffy asserts, inter alia, that because the State did not file a motion for pretrial detention pursuant to Florida Rule of Criminal Procedure 3.132, a reasonable bond should have been granted.
We have previously stated:
Rule 3.132(a) allows the state to file a motion seeking pretrial detention at first appearance. When the state does not file such a motion, or the motion is facially insufficient, "the judicial officer shall proceed to determine the conditions of release pursuant to the provisions of rule 3.131(b)(1)." Fla. R.Crim. P. 3.132(a).
Resendes v. Bradshaw, 935 So.2d 19, 20 (Fla. 4th DCA 2006). Denial of bond cannot be considered a "condition of release." Id.; see also Kelly v. State, 939 So.2d 1150 (Fla. 5th DCA 2006); Ho v. State, 929 So.2d 1155 (Fla. 5th DCA 2006); Nguyen v. State, 925 So.2d 435 (Fla. 5th DCA 2006). Although the transcript of the evidentiary bond hearing contains ample support for the court's decision to impose pretrial detention on this aggravated stalking charge, because the state did not file a motion for pretrial detention, the court below was not authorized to impose pretrial detention.
We grant the petition insofar as the petitioner has shown his entitlement to a pretrial detention hearing upon a proper motion filed by the state under rule 3.132. The state shall have no more than three business days following the issuance of this opinion to file a motion for pretrial detention. Should the state fail to file such a motion, the trial court shall consider the "conditions of release" pursuant to rule 3.131. Petitioner shall remain in custody *910 pending the determination of the issue of pretrial release or detention according to rules 3.131 and 3.132.
Petition Granted.
FARMER, KLEIN and TAYLOR, JJ., concur.