980 So.2d 1092 (2008)
Dayne MILLER, Petitioner,
v.
STATE of Florida, Respondent.
No. 2D08-114.
District Court of Appeal of Florida, Second District.
January 15, 2008.
*1093 Michelle Hill of The Law Office of Michelle Hill, Naples, for Petitioner.
Bill McCollum, Attorney General, Tallahassee, and Jonathan Hurley, Assistant Attorney General, Tampa, for Respondent.
PER CURIAM.
Dayne Miller petitions this court, a second time, for a writ of habeas corpus. Miller is being held without bond on the charge of burglary of an occupied dwelling, for which he is eligible for pretrial detention under section 907.041(4)(a), Florida Statutes (2007). However, the State has never filed a motion for pretrial detention pursuant to Florida Rule of Criminal Procedure 3.132.[1] Rule 3.132(a) provides that "[i]f no such motion is filed, or the motion is facially insufficient, the judicial officer shall proceed to determine the conditions of release pursuant to the provisions of rule 3.131(b)." Rule 3.131(b)(1) sets forth the possible conditions of release and does not contemplate detention without bond.
After his arrest, Miller was taken to a first appearance hearing and detained without bond. Because the State had not filed a motion for pretrial detention, this court granted Miller's first petition for writ of habeas corpus and directed the trial court to "conduct a hearing to determine pretrial release of the petitioner in lower tribunal number 07-3933-CFA according to Florida Rule of Criminal Procedure 3.131." The trial court once again ordered Miller held without bond notwithstanding the State's continued failure to file a motion for pretrial detention.
In its order, the trial court acknowledged case law cited by Miller, Resendes v. Bradshaw, 935 So.2d 19 (Fla. 4th DCA 2006), which holds that when the State does not file a motion seeking pretrial detention, the trial court is without authority to impose pretrial detention and must, instead, consider conditions of release pursuant to rule 3.131(b)(1). However, the trial court declined to follow controlling law and cited to a concurring opinion in Ho v. State, 929 So.2d 1155 (Fla. 5th DCA 2006) (Sawaya, J., concurring), in which the concurring judge expressed his personal belief that the State's failure to file a motion for pretrial detention should not deprive the trial court of the ability to order the accused detained provided the necessary showing is made by the State and the appropriate findings are made by the trial court. The concurring judge concluded his opinion by acknowledging that he was bound by the prior decisions of his court which were cited in the majority opinion.[2] He further acknowledged that these decisions required that Ho's petition for writ of habeas corpus be granted and a pretrial release hearing be conducted pursuant to rule 3.131.
*1094 It appears that the trial court relied on the individual views expressed in the Ho concurring opinion to support Miller's detention without bond but failed to recognize the law governing binding precedent which was alluded to in that same opinion. We instruct the trial court that concurring opinions are not considered precedent. Dunn v. State, 454 So.2d 641, 642 (Fla. 5th DCA 1984). Only the written, majority opinion of an appellate court has precedential value. Gould v. State, 974 So.2d 441, ___ (Fla. 2d DCA 2007) (citing Dep't of Legal Affairs v. Dist. Court of Appeal, 5th Dist., 434 So.2d 310, 311 (Fla.1983)). And, because the district courts of appeal in Florida are intended to be courts of final appellate jurisdiction, the opinion of a district court is binding on all trial courts in the state. Pardo v. State, 596 So.2d 665, 666 (Fla.1992). If there is unresolved conflict between the district courts, the trial court is bound by the precedent in its own appellate district. Id. at 666-67.
In its response to Miller's first petition for writ of habeas corpus, the State conceded error stating, "In this case, it appears the state did not seek pretrial detention, so the judge was not authorized to impose pretrial detention on the burglary charge, but was left to consider the 'conditions of release' pursuant to rule 3.131(b)(1)." In its response to the petition before us, the State acknowledges the legal precedent from this district but declines to apply it in making its argument and instead cites to and parrots the view of the Ho concurring opinion stating, "[R]espondent submits the filing of a motion for pre-trial detention by the State is not a necessary prerequisite to the lower court's decision ordering petitioner be held without bond pending trial." The State cites no law to support its new position. We direct the State's attention to the case law cited earlier that explains binding precedent and instruct the State that it too is bound by the opinions of this court.
Because the State has not filed a motion for pretrial detention, we grant the petition for writ of habeas corpus and remand for the trial court to conduct a hearing pursuant to rule 3.131(b)(1) to determine appropriate conditions of release. The circuit judge to whom Miller's case is currently assigned, or the chief judge, should preside over this hearing. The trial court is directed to hold the hearing by noon, January 17, 2008. Should the trial court fail to hold a hearing, it shall impose the standard bond for a second-degree felony.
Petition granted; remanded with instructions.
ALTENBERND, FULMER, and CANADY, JJ., Concur.
NOTES
[1] Based on our review of the probable cause affidavit, we can understand the State's decision not to file such a motion.
[2] The concurring judge also noted that the precedent from this court was consistent with the precedent from his own court, citing Golden v. Crow, 862 So.2d 903 (Fla. 2d DCA 2003). Ho, 929 So.2d at 1156.