PER CURIAM.
 

 In
 
 In
 
 re
 
 Amendments to the Florida Rules of Criminal Procedure,
 
 No. SC09-159 (Fla. petition filed Jan. 30, 2009), the Criminal Procedure Rules Committee (Committee) filed its regular-cycle report proposing amendments to a number of rules of criminal procedure. Pursuant to an order issued on July 1, 2009, we severed the Committee’s proposed amendment to Florida Rule of Criminal Procedure 3.132 (Pretrial Detention) for individual consideration and to permit additional comment, under case number SC09-1135.
 

 The Committee proposes amending rule 3.132 to require that at the first appearance, the judicial officer determine whether the defendant should be detained, even if the State has not filed a motion for pretrial detention or the motion is facially insufficient. At present, the rule has been interpreted by the appellate courts to require that, if the State does not file a motion for pretrial detention or the motion is facially insufficient, the court must proceed to determine the conditions of pretrial release.
 
 See Resendes v. Bradshaw,
 
 935 So.2d 19 (Fla. 4th DCA 2006);
 
 Nguyen v. State,
 
 925 So.2d 435 (Fla. 5th DCA 2006);
 
 Golden v. Crow,
 
 862 So.2d 903 (Fla. 2d DCA 2003). The proposed amendment was prompted by Judge Sawaya’s concurring opinion in
 
 Ho v. State,
 
 929 So.2d 1155 (Fla. 5th DCA 2006), which questioned whether the language of rules 3.131 and 3.132 required the interpretation given by the appellate courts.
 

 A comment was received by the Florida Public Defender Association (FPDA), opposing the mandatory directive that requires the court to initiate a determination of pretrial detention absent a motion by the State. The FPDA relies on the language of section 907.041, Florida Statutes (2008), which specifically contemplates that the State will file a motion for pretrial detention, and the language of section 907.041(4)(g), which states the “state attorney has the burden of showing the need for pretrial detention.” The FPDA contrasts the language of section 907.041 with section 903.0471, Florida Statutes (2008), violation of condition of pretrial release, which expressly allows the court to revoke bond “on its own motion” if it finds probable cause to believe that the defendant committed a new crime while on bond.
 

 The language that the Committee proposes deleting from rule 3.132(a) was straightforward and currently provides that if the State does not file a motion for pretrial detention or the motion is facially insufficient, “the judicial officer shall proceed to determine the conditions of release pursuant to the provisions of rule 3.131(b).”
 

 Article I, section 14 of the Florida Constitution, provides that unless the defendant is “charged with a capital offense or an offense punishable by life imprisonment and the proof of guilt is evident or the presumption is great, every person charged with a crime or violation of municipal or county ordinance shall be entitled to pretrial release on reasonable conditions.” However, article I, section 14 further provides that “[i]f no conditions of
 
 *307
 
 release can reasonably protect the community from risk of physical harm to persons, assure the presence of the accused at trial, or assure the integrity of the judicial process, the accused may be detained.”
 

 The Committee correctly observes that section 907.041, pretrial detention and release, provides in part “that persons committing serious criminal offenses, posing a threat to the safety of the community or the integrity of the judicial process, or failing to appear at trial be detained upon arrest.” § 907.041(1), Fla. Stat. (2008). However, subsection (1) further provides that “persons found to meet specified criteria shall be released under certain conditions until proceedings are concluded and adjudication has been determined.” And as recognized by the FPDA, the statute also places the burden of proof to justify continued detention on the State.
 

 The Court is therefore concerned that the Committee’s proposal requiring that the judicial officer make a determination whether the defendant should be released or detained not only changes the procedure to be followed, but could place the judicial officer in an impermissible adversarial role.
 
 See Parker v. State,
 
 843 So.2d 871, 880 (Fla.2003) (stating that while section 903.0471 only requires that the judge make a finding of probable cause for revocation of a pretrial release, a Florida defendant is accorded a full adversarial hearing under section 907.041 upon his or her initial application for pretrial release). Moreover, we are further concerned that the requirement of an independent judicial determination, absent a motion by the State, could impermissibly shift the burden to the defendant to prove that he should not be detained.
 

 The Court has also looked at the current series of criminal rules beginning with rule 3.130 through rule 3.132. The rules at present provide for a continuum of procedures for the court to follow that depends on when or if the State files a motion for pretrial detention. If the motion is filed after the first appearance, then the procedures set forth in rule 3.132(b) must be followed by both the State and the trial court. In addition, at the present time, the rule requires that a motion for pretrial detention under rule 3.132(a) set forth “with particularity the grounds and the essential facts on which pretrial detention is sought” and includes a requirement “that the state attorney has received testimony
 
 under oath
 
 supporting the grounds and essential facts alleged in the motion.” Fla. R.Crim. P. 3.132(a) (emphasis added). Rule 3.132 contemplates a hearing on pretrial detention,
 
 if
 
 a motion is filed and if probable cause is determined and at that point “the person may be detained in custody pending a final hearing on pretrial detention.” The timing of the hearing is determined pursuant to rule 3.132(c).
 

 Therefore, in addition to the issues raised by the FPDA, and those we have raised, the problem with following the Committee’s recommendation is that there is
 
 no procedure
 
 set forth as to how and when “the judicial officer shall proceed to determine whether the defendant should be detained.” Certainly, the defendant is entitled at the least to the same adversarial hearing required when the State files the motion. It does not appear that the adversarial hearing could take place at first appearance without giving the defendant fewer rights than the defendant currently has under the constitution, the statutes, and the current procedures. On the other hand, any alternative proposal to simply allow the trial court to inquire whether a motion will be filed, without more, does not provide procedures for what occurs
 
 if
 
 the State indicates it
 
 does
 
 intend to file a motion.
 

 
 *308
 
 The Court recognizes the competing interests and suggests a potential compromise that would allow, but not require, the trial court to inquire of the State if it intends to file a motion for pretrial detention if no motion has been filed at the time of the first appearance. This procedure would still place the burden on the State both to file the motion and to prove the need for pretrial detention but would allow the judge to make the inquiry at the time of first appearance. This compromise procedure is, in effect, consistent with the practice by appellate courts that have, even under the current rule, permitted belated motions by the State, even staying the release so the court could consider the motion.
 
 See Duffy v. Crowder,
 
 960 So.2d 909, 909-10 (Fla. 4th DCA 2007);
 
 Juste v. State,
 
 946 So.2d 102 (Fla. 5th DCA 2007).
 

 We thus adopt an amendment to subdivision (a) (Motion Filed at First Appearance) of rule 3.132 (Pretrial Detention) to provide that where the State has not filed a motion for pretrial detention, the trial court may inquire whether the State intends to file such a motion and to afford the State an opportunity to do so within no more than the next three days.
 

 We reject the Committee’s proposal requiring the court to
 
 sua sponte
 
 determine whether to require pretrial detention. Under the Court’s proposal, the State retains the burden of proof in establishing that a defendant should be detained pretrial; therefore, if no motion is subsequently filed, or the motion is facially insufficient, or the State has not met its burden, the trial court shall then proceed to consider conditions of pretrial release pursuant to rule 3.131(b). Because this amendment is a departure from the rule proposed by the Committee, we delay the effective date of the amendment and provide for an additional comment period.
 
 [1]
 
 If no comments are filed or if this Court determines that the rule does not require further revisions, the effective date for this rule shall be January 1, 2010, unless otherwise ordered by the Court.
 

 It is so ordered.
 

 QUINCE, C.J., and PARIENTE, CANADY, POLSTON, LABARGA, and PERRY, JJ., concur.
 

 LEWIS, J., concurs in result only.
 

 APPENDIX
 

 RULE 3.132. PRETRIAL DETENTION
 

 (a) Motion Filed at First Appearance. A person arrested for an offense for which detention may be ordered under section 907.041, Florida Statutes, shall be taken before a judicial officer for a first appearance within 24 hours of arrest. The state may file with the judicial officer at first appearance a motion seeking pretrial detention, signed by the state attorney or an assistant, setting forth with particularity the grounds and the essential facts on which pretrial detention is sought and certifying that the state attorney has received testimony under oath supporting the grounds and the essential facts alleged in the motion. If no such motion is filed, the
 
 *309
 
 judicial officer may inquire whether the state intends to file a motion for pretrial detention, and if so, grant the state no more than three days to file a motion under this subdivision. Upon a showing by the state of probable cause that the defendant committed the offense and exigent circumstances, the defendant shall be detained in custody pending the filing of the motion, or the motion is facially insuffi-eientj-the judicial officer shall proceed to determine-the--conditions of release pursuant to the-provisions of rule 3.131(b). If, after inquiry, the State indicates it does not intend to file a motion for pretrial detention, or fails to establish exigent circumstances for holding defendant in custody pending the filing of the motion, or files a motion that is facially insufficient, the judicial officer shall proceed to determine the conditions of release pursuant to the provisions of rule 3.131(b). If the motion for pretrial detention is facially sufficient, the judicial officer shall proceed to determine whether there is probable cause that the person committed the offense. If probable cause is found, the person may be detained in custody pending a final hearing on pretrial detention. If probable cause is established after first appearance pursuant to the provisions of rule 3.133 and the person has been released from custody, the person may be recommitted to custody pending a final hearing on pretrial detention.
 

 (b)-(c) [No change]
 

 [1]
 

 . An original and nine paper copies of all comments must be filed with the Court on or before November 16, 2009, with a certificate of service verifying that a copy has been served on the Committee Chair, Fleur J. Lo-bree, 1350 NW 12th Ave., Room S-539, Miami, Florida, 33136-2102, as well as separate request for oral argument if the person filing the comment wishes to participate in oral argument, which may be scheduled in this case. The Committee Chair has until December 7, 2009, to file a response to any comments filed with the Court. Electronic copies of all comments and responses also must be filed in accordance with the Court’s administrative order in
 
 In re Mandatory Submission of Electronic Copies of Documents,
 
 Fla. Admin. Order No. AOSC04-84 (Sept. 13, 2004).