SALTER, J.
Elijah Johnson petitions for a writ of habeas corpus following the entry of a circuit court order granting the State’s motions to revoke bond and for pretrial detention. The petition raises several procedural issues under Florida Rules of Criminal Procedure 3.131 and 3.132 and section 907.041, Florida Statutes (2014). Although certain claims raised by the petitioner are well taken, ultimately we find that the trial court relied upon a legally sufficient record to warrant pretrial detention. Accordingly, we deny the petition.

Arrest and Release

Initially, the petitioner was arrested on August 8, 2014, for lewd and lascivious molestation of a victim twelve years of age or younger, under section 800.04(5)(b), Florida Statutes (2014). The State did not file formal charges against the petitioner by the 33rd day after arrest, and the petitioner was then released on his own recognizance pursuant to Florida Rule of Crimi *559 nal Procedure 3.134(2) when such charges had not been filed by the 40th day.

The Information and State Motions

On October 7, 2014, the State filed an information charging the petitioner with the statutory molestation offense, a “motion to revoke bond,” and a “notice of intent to seek enhanced penalty pursuant to § 775.084, Fla. Stat.,” alleging that the petitioner had a history of failing to appear as ordered in other felony cases, that he had “an extensive history of both theft and violent crimes,” and that he was a flight risk. The State cited that portion of Rule 3.131(a) pertaining to offenses punishable by life imprisonment (as here) in which proof of guilt is evident and the presumption great.
The following day, the State filed a “motion for pretrial detention” under Rule 3.132 and section 907.041, Florida Statutes (2014), alleging a factual basis for pretrial detention under the criteria enumerated in section 903.046, Florida Statutes (2014). The trial court heard the motions on October 7, 8, 9, 22, and 30, 2014, and entered an order on November 12, 2014, granting both the motions to revoke bond and the motion for pretrial detention. The petition for habeas corpus followed.

Analysis

The petitioner’s legal bases for challenging the order are considered in turn. First, the petitioner maintains that the trial court could not revoke his bond under Rule 3.131 because the trial court did not make the requisite finding that “proof of guilt is evident or the presumption is great.” While the petitioner is correct that the trial court did not make those findings, the State maintains that article 1, section 14,.of the Florida Constitution and Rule 3.131(a) also contain an exception to the general right of pretrial release on reasonable conditions: “[i]f no conditions of release can reasonably protect the community from risk of physical harm to persons, assure the presence of the accused at trial, or assure the integrity of the judicial process, the accused may be detained.” State v. Paul, 783 So.2d 1042, 1045 (Fla.2001) (quoting art. 1, § 14, Fla. Const.). We find no error in the trial court’s conclusion that the petitioner’s pre-information conditions of release were insufficient to protect the community and to assure his presence at trial.
Second, the petitioner alleges that further pretrial detention of the petitioner is impermissible because the State failed to introduce competent evidence to prove beyond a reasonable doubt the need for such detention, as provided in Rule 3.132(c)(1). The petitioner relies on the trial court’s consideration of a videotaped interview of the child victim by a forensic examiner. Although the interview may be admissible in evidence pursuant to section 90.803(23) of the Florida Evidence Code, the petitioner maintains that it is hearsay. Under Rule 3.132(c)(1), “[a] final order of pretrial detention shall not be based exclusively on hearsay evidence.”
The pretrial detention order under review is not based exclusively on hearsay evidence, however, as it also relies on numerous pieces of non-hearsay evidence relating to the petitioner’s prior convictions and court appearances — none of which were the subject of objection or dispute by the petitioner during the hearings. With respect to the child victim testimony, we conclude that such testimony may constitute admissible evidence rather than mere, excludible hearsay. The same analysis would apply, for example, to a defendant’s own admissions offered against the defendant and otherwise constituting hearsay (another exception to hearsay under section 90.803(18) of the Florida Evidence Code). To hold otherwise would es *560 sentially preclude pretrial detention in cases in which the critical evidence is a child victim’s interview regarding the alleged molestation (as here) or a defendant’s lawfully-obtained confession (as in the hypothetical above).
The primary case relied upon by the petitioner, Azadi v. Spears, 826 So.2d 1020 (Fla. 3d DCA 2001), is inapposite. In Azadi, the State’s sole evidence submitted in support of pretrial detention was the arrest affidavit, and that affidavit was hearsay. In that case, the State offered no exception to the Florida Evidence Code that might have allowed the admission of the affidavit into evidence at trial.
For these reasons, the petition for habe-as corpus is denied.