# Third District Court of Appeal

## State of Florida

Opinion filed September 29, 2021.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D21-1725
Lower Tribunal Nos. F20-7010, F19-3967

_____

**Brian Hodges,**
Petitioner,

vs.

**The State of Florida,**
Respondent.

A Case of Original Jurisdiction – Prohibition.

Michael A. Catalano, P.A., and Michael A. Catalano; Beckham Solis, PLLC, and Helmuth Solis, for petitioner.

Ashley Moody, Attorney General, and Joanne Diez, Assistant Attorney General, for respondent.

Before MILLER, LOBREE, and BOKOR, JJ.

MILLER, J.

Petitioner, Brian Hodges, seeks writs of prohibition to prevent the assigned trial judge from further presiding over his criminal case and habeas corpus challenging the legality of his pretrial detention. Reiterating the well-entrenched adage that "the laws governing judicial disqualification were never intended 'to enable a discontented litigant to oust a judge because of adverse rulings made,'" for such rulings are reviewable otherwise, "but, instead, serve 'to prevent his [or her] future action in the pending case'" and concluding Hodges is properly detained under Florida Rule of Criminal Procedure 3.132 and section 907.041, Florida Statutes (2021), we deny both petitions. Quintas Vazquez v. Smith, 318 So. 3d 579, 579 (Fla. 3d DCA 2021) (citations omitted).

## BACKGROUND

In early 2019, Hodges was charged by information with several alcohol-related crimes, including driving under the influence ("DUI") with serious bodily injury and damage to property or person. See § 316.193(1), (3), Fla. Stat. After he was released on felony bond, he was again arrested and charged with committing a myriad of crimes, including boating under the influence ("BUI") manslaughter and vessel homicide. See §§ 327.35(3), 782.072, Fla. Stat. The trial court revoked his bond on the initial charges.

2

The State filed a motion for pretrial detention pursuant to Florida Rule of Criminal Procedure 3.132 and section 907.041, Florida Statutes. Citing a prior DUI conviction from the State of New York, the State asserted Hodges had "previously violated conditions of release and no further conditions of release [were] reasonably likely to assure his appearance at subsequent proceedings;" he "pose[d] a threat of harm to the community," as he "[was] charged with a dangerous crime, to wit, . . . [m]anslaughter;" there was "a substantial probability that [he] committed such crime, the factual circumstances of the crime indicate[d] a disregard for the safety of the community, and there [were] no conditions of release reasonably sufficient to protect the community from the risk of physical harm to persons." The trial court convened a hearing, at the conclusion of which it found the criteria for pretrial detention was satisfied and ordered Hodges held without bond.

A jury later acquitted Hodges of the crimes precipitating the initial arrest. Hodges unsuccessfully sought reconsideration of the pretrial detention order, and the instant petitions ensued.

## STANDARD OF REVIEW

"Although a trial court has discretion in setting reasonable pretrial release conditions, [the] authority to order pretrial detention is circumscribed

3

by the state constitution and relevant statutes." Blair v. State, 15 So. 3d 758, 760 (Fla. 4th DCA 2009).

## ANALYSIS

Finding the motion for disqualification filed below was legally insufficient, we deny the petition for writ of prohibition without further elaboration and focus our analysis instead on the propriety of continued pretrial detention.  A petition for writ of habeas corpus is the proper vehicle to challenge an order of pretrial detention.  State v. Broom, 523 So. 2d 639, 641 (Fla. 2d DCA 1988); see also Miller v. State, 980 So. 2d 1092 (Fla. 2d DCA 2008); Holmes v. State, 933 So. 2d 1205 (Fla. 2d DCA 2006).

The traditional purpose of bail is "to insure the defendant's appearance and submission to the judgment of the court."  Reynolds v. United States, 80 S. Ct. 30, 32 (1959).  Of equally salient consideration, however, are the alternative purposes of warding off witness intimidation and preventing the repetition of dangerous acts by incapacitating the accused.  As relevant to the latter objective, the legislature enacted section 907.041, Florida Statutes, entitled "[p]retrial detention and release," to ensure "the protection of the community from risk of physical harm to persons."  § 907.041(1), Fla. Stat. To that end, the statute authorizes the refusal of bond under certain closely circumscribed circumstances.

4

Section 907.041, provides, in pertinent part:

> The court may order pretrial detention if it finds a substantial probability, based on a defendant's past and present patterns of behavior, the criteria in s. 903.046, and any other relevant facts, that any of the following circumstances exist:
>
> . . . .
>
> The defendant poses the threat of harm to the community. The court may so conclude, if it finds that the defendant is presently charged with a dangerous crime, that there is a substantial probability that the defendant committed such crime, that the factual circumstances of the crime indicate a disregard for the safety of the community, and that there are no conditions of release reasonably sufficient to protect the community from the risk of physical harm to persons.

§ 907.041(4)(c), Fla. Stat.

In the instant case, during a lengthy hearing, the State adduced evidence that Hodges, having been previously convicted of DUI in another state, committed several offenses while out on felony bond. One of those crimes involved the death of another.

Relying upon his acquittal on the underlying charges, Hodges argues, however, this evidence was insufficient to satisfy the statutory criteria. Here, the trial court did not purport to predicate its finding upon the conduct for which Hodges was acquitted. Instead, the gravamen of the pretrial detention order was that Hodges, having been previously convicted of a DUI-related offense, violated the conditions of his release by engaging in crimes

5

demonstrating a disregard for the safety of the community. Consequently, the acquittal does not operate to nullify the basis for ordering detention.

Hodges further contends that the instant charges do not qualify as "dangerous crimes" under the pretrial detention statute.[1] As with the analysis of any statute, we "begin[] with 'the language of the statute,'" and, in this case, because that "language provides a clear answer, it ends there as well." Hughes Aircraft Co. v. Jacobson, 525 U.S. 432, 438 (1999) (citations omitted). Section 907.041, Florida Statutes, contains an exhaustive list of those crimes deemed by the legislature sufficiently dangerous to demonstrate the accused poses a risk of harm to the community. Among those included are "homicide" and "manslaughter." § 907.041(4)(a), Fla. Stat. The statute does not purport to distinguish between, degrees, residual categories, or varieties of the delineated crimes.

Like voluntary manslaughter and involuntary manslaughter, BUI manslaughter falls under the broad umbrella of "manslaughter." See Manslaughter, Garner's Dictionary of Legal Usage (3d ed. 2011)

---

[1] Hodges argues that pretrial detention considerations relating to DUI manslaughter are included in section 907.041(4)(c), Florida Statutes, thus, alcohol-related crimes resulting in death are thereby excluded from section 907.041(4)(a), Florida Statutes. This argument is unavailing, as the legislature gave no separate consideration to BUI manslaughter or vessel homicide.

("Manslaughter: A. Voluntary manslaughter and involuntary manslaughter. . . . B. And causing death by reckless or dangerous driving."); see also Garcia v. Junior, 46 Fla. L. Weekly D1605 (Fla. 3d DCA July 14, 2021) (noting DUI manslaughter is delineated as a "dangerous crime"). Further, it is hardly debatable that vessel homicide constitutes a form of "homicide." Accordingly, we decline to intrude upon the prerogative of the legislature and carve out an unpenned exception to the statute.

Noting the threat of community harm finding is further supported by Hodges' out-of-state DUI conviction, we discern no error in the decision to order pretrial detention. See § 907.041(4)(c)4., Fla. Stat. ("[C]onditions that would support a finding . . . that the defendant poses a threat of harm to the community include, but are not limited to, any of the following: a. The defendant has previously been convicted of any crime under s. 316.193, or of any crime in any other state or territory of the United States that is substantially similar to any crime under s. 316.193."). Thus, we deny both petitions.

Petitions denied.

7