# FIFTH DISTRICT COURT OF APPEAL
# STATE OF FLORIDA

_____

Case No. 5D23-1784
LT Case No. 2022-CA-006818

_____

THE WALSH GROUP d/b/a Archer
Western Contractors, LLC,

     Appellant,

     v.

ZION JACKSONVILLE, LLC,
FLORIDA ROADS TRUCKING, LLC,
GEC TRUCKING AND
CONSTRUCTION, INC., f/k/a GEC
Trucking, Inc., CAPPS LAND
MANAGEMENT AND TRUCKING
INC., et al.,

     Appellees.

_____

On appeal from the Circuit Court for Duval County.
Bruce R. Anderson, Jr., Judge.

Timothy D. Woodward and Alyssa Cory, of Shutts & Bowen LLP,
Tampa, for Appellant.

Niels P. Murphy and Davis D. Balz, of Murphy & Anderson, P.A.,
and Andrew P. Brigham and Trevor S. Hutson, of Brigham
Property Rights Law Firm, PLLC, St. Augustine, for Appellee
Zion Jacksonville, LLC.

No Appearance for Remaining Appellees.

February 16, 2024

On Notice of Supplemental Authority

Per Curiam.

Following oral argument, Appellee ("Zion") filed a notice of supplemental authority. The notice asked us to consider *Navarro v. Varela*, 345 So. 3d 365 (Fla. 3d DCA 2022). Zion's notice also attached the plaintiff's complaint from that case.

A notice of supplemental authority is "reserved for extraordinary circumstances or situations where a new case or legal authority has just been published that might impact a fully briefed (but not yet decided) appeal." *Houston v. Wrentmore*, 362 So. 3d 252, 254 (Fla. 5th DCA 2023) (quoting *Davi Nails Salon & Spa, L.L.C. v. Do*, 346 So. 3d 1288, 1289 (Fla. 2d DCA 2022)). "No such extraordinary circumstances or situations existed here," where the opinion Zion cited in its notice "was readily available long before" briefing was due in this case. *See id.*

That aside, the opinion Zion cited has no precedential value on the "incorporated by reference" issue. Specifically, the *Navarro* opinion does not use the term "reincorporation," discuss the procedural effects of attaching a contract to a complaint, or mention Florida Rule of Civil Procedure 1.130(b). Perhaps in recognition of this fact, Zion tacitly invites us to look beyond the *Navarro* opinion to consider the plaintiff's complaint in that case, a complaint that was not appended to the Third District's decision. This is improper. If "an issue is not argued, or though argued is ignored by the court, or is reserved, the decision does not constitute a precedent to be followed." *Physicians Med. Ctrs. v. Allstate Fire & Cas. Ins. Co.*, 335 So. 3d 1284, 1289 (Fla. 1st DCA 2022) (quoting *Equal Emp. Opportunity Comm'n v. Trabucco*, 791 F.2d 1, 4 (1st Cir. 1986)). "Only the written, majority opinion of an appellate court has precedential value." *Miller v. State*, 980 So. 2d 1092, 1094 (Fla. 2d DCA 2008). Zion's attempt to bolster its notice of supplemental authority with a trial court pleading is misguided.

For these reasons, we strike the notice of supplemental authority as unauthorized.

NOTICE OF SUPPLEMENTAL AUTHORITY STRICKEN.

EDWARDS, C.J., and LAMBERT and JAY, JJ., concur.